## SUPREME COURT.

### THE PEOPLE *ex rel.* JOHN LENT agt. HIRAM W. HASCALL, Clerk of Genesee county.

By the laws of 1859 (*ch.* 360), *Notaries Public* are authorized to take proof and acknowledgments of deeds, &c., " in all the *cases* where " commissioners of deeds may do those acts within their jurisdictions. That is, they may perform such duties in their respective counties, whether there are any commissioners of deeds appointed for such counties or not.

*Wyoming Special Term, October,* 1859.

DEMURRER to the return of the respondent to the alternative mandamus.

The return and demurrer thereto present simply the question, whether notaries public are authorized, by chapter 360 of the Laws of 1859, to take proof and acknowledgments of deeds, &c., in counties in which there are no commissioners of deeds ?

BISSELL & BALLARD, *for the relator.*
BANGS & HINSDALE, *for the respondent.*

DAVIS, Justice. By the first section of the act entitled, " An act authorizing notaries public of the state of New-York to perform the duties now performed by commissioners of deeds, passed April 15th, 1859," (*Laws of* 1859, *chapter* 360), it is enacted that, " in addition to their present powers, notaries public of this state are hereby authorized to administer oaths and affirmations, and to take the proof and acknowledgments of deeds, mortgages, and any other papers for use or record in this state, in all the cases where the same may now be taken and administered by commissioners of deeds, and under the same rules, regulations and requirements prescribed to commissioners of deeds, and such notaries' acts may be performed without official seal."

The object of this statute is to supply a supposed public want; it is, therefore, remedial in its character, and entitled " to be construed largely and beneficially, so as to suppress the mischief and advance the remedy." (*Dwarris on Statutes, page* 632.)

The powers conferred by this act are given to the " notaries public of this state, and not to those of particular localities ;" but it is argued, that the words, " in all the cases where the same may now be taken and administered by commissioners of deeds, and under the same rules, regulations and requirements prescribed to commissioners," operate to limit the exer-cise of those powers to notaries public who reside in the cities (or at least in the counties) in which there are commissioners of deeds. This argument confounds the " *cases*," in which commissioners of deeds may administer oaths and take ac-knowledgments, with the *places wherein they must perform those acts.* Commissioners of deeds are local officers. They must discharge their duties within specified territorial limits. (1 *R. S., Banks & Brothers, 5th edition,* 382, 383.) But the duties themselves are general in their character, and when performed within the proper local jurisdiction are operative throughout the state. These commissioners are vested by statute with general powers to administer oaths and affirmations, and take proofs and acknowledgments of deeds (3 *R. S., same edition,*

473, 474, 475), and may exercise these powers in every *case* coming before them within their local jurisdiction, without re-spect to the residence of the parties for whom they act, or the place where their certificate is to be used. A commissioner of deeds, in the city of New-York, may administer an oath in that city to a resident of Buffalo, to an affidavit to be used in the latter city ; and he may take proof or acknowledgment of a deed of lands situated in Erie county, to be recorded there. The instrument in this case, if the party acknowledging it had been in one of the cities of the state, might, upon proper proof of his identity, have been acknowledged there ; and this illus-trates that it is one of " *the cases* " where commissioners of deeds may act. In all such cases, the same powers the com-missioners of deeds possess are by the act under consideration conferred on the " notaries public of this state." Nor does the provision of the act, that notaries shall use their powers " under the same rules, regulations and requirements pre-scribed to commissioners of deeds," limit the powers conferred, to officers of special localities. It simply operates to restrict notaries public in the performance of these new duties to their local jurisdictions, and to the formalities as to proof of identity, rates of fees, &c., that are imposed upon all commissioners of deeds. Notaries public are also local officers, but within their counties may perform duties, the operation of which is co-extensive with the state. (*Statutes above cited, ibid.*) By the act of 1859, they may now within their local jurisdictions, in addition to their former powers, administer oaths and affirma-tions, and take proofs and acknowledgments " in all the cases where " commissioners of deeds may do those *acts within their jurisdictions ;* subject, however, to the rules and regulations, as to proof of identity, forms and fees, that are by law prescribed to the last-named officers.

The relator is, therefore, entitled to judgment on the de-murrer, and to a peremptory mandamus.