## STEVENS VS. BROOKS.

*When possession of land is adverse.*

1. Where one enters upon land under a recorded deed, which purports to give him a complete title, his possession becomes *adverse* to all the world, although his grantor may have had, in fact, only the rights of a mortgagee.
2. The grantor's mortgagor is not entitled to any *notice* from the grantee, in such a case, of the nature of the title under which he claims to enter.

APPEAL from the Circuit Court for *Dane* County.

Decisions of this court upon two appeals in a former action between these parties, growing out of the same subject-matter, will be found in 22 Wisconsin Reports, pp. 696–700, and 23 id., pp. 197, 198. The present action was commenced in 1868. The only averments of the complaint which need be stated here are these : That, in May, 1837, one Noonan, being seized in fee of certain lands in Dane county, sold and conveyed them to one Field and one Ford, and took from them a mortgage of the same lands to secure payment of the purchase-money, which mortgage was recorded in July following ; that, after a default by the mortgagors, Noonan attempted a statutory foreclosure (so called) of said mortgage, and himself became purchaser at the sale, and took a sheriff's deed of the land, which foreclosure is alleged to have been illegal and void ; that, in 1846, Noonan undertook, by deed, with full covenant of warranty, to convey a certain part of said lands to the defendant (being the premises here in dispute), and about the same time conveyed other portions thereof to other persons. The complaint then alleges facts to show that the rights of Field and Ford have vested in the plaintiff, by virtue of a certain sale in bankruptcy proceedings against Ford ; that the rights of said Field and Ford, and all persons claiming an interest in said mortgaged premises, otherwise than under their said mortgage to Noonan, had also

been barred by a foreclosure of said mortgage, and plaintiff had purchased the land at the foreclosure sale; that the foreclosure proceedings were instituted for the benefit, not only of the plaintiffs named therein, but for that of others not named, who had an interest in said mortgage, as grantees of portions of the land from Noonan (as above stated), and who should choose to come in and claim the benefit of the judgment in such action; that the defendant, *Brooks*, had not in any way come in under said judgment, and claimed the benefit thereof, and had not in any way applied to be made a party to that action; that *Brooks* has been in possession and occupation of all the premises so conveyed to him by Noonan since a time shortly subsequent to the date of that conveyance, and has received and enjoyed the rents and profits thereof. It is further alleged that no notice was ever given to Field and Ford, or their grantees, of any claim by Noonan or his grantees to said mortgaged premises, other than as holders of said mortgage; and that Field and Ford, at the date of said mortgage, were residents of Illinois, and have never resided in the territory or state of Wisconsin. Prayer, for an accounting between plaintiff and defendant, to ascertain the extent of defendant's interest in the Field and Ford mortgage, and the amount due thereon of principal and interest, and the amount of rents and profits defendant has received from the premises in dispute, and the balance due and to be paid to defendant after deducting such rents and profits; and that plaintiff be permitted to redeem said premises on the payment of said balance; and that, upon such payment, defendant be adjudged to surrender the premises, and that all interest of defendant in said premises under said mortgage be vested in plaintiff; and for general relief.

A demurrer to the complaint, for the reason, among others, that it appeared upon the face thereof that the cause of action was barred by the statute of limitations, was sustained; and plaintiff appealed.

*Stevens & Flower*, for appellant, contended that the possession by Noonan and his grantees was that of mortgagee, and not adverse to the mortgagor. The mortgagee had a right to the possession until the mortgage was paid out of the rents and profits, or an action to foreclose had been brought. *Gillet v. Eaton*, 6 Wis. 30; Ter. Stat. 1839, p. 257, § 53; R. S. 1849, p. 569, § 53; R. S. 1858, p. 242, § 28. The mortgagee's possession will not be regarded as adverse, unless it affirmatively appears that notice of such adverse possession has been brought home to the mortgagor. Such notice cannot be presumed in this case from the character of the possession taken, as the mortgagors have always been non-residents. *Ely v. Wilcox*, 20 Wis. 524; *Robinson v. Sherwin*, 36 Vt. 69; *Zeller v. Eckert*, 4 How. (U. S.) 289; 7 Johns. Ch. 89, 121; 1 Pick. 87; 8 Met. 87; 11 Vt. 9; 1 Powell on Mort. 385, note 1. The deeds by Noonan to his grantees, when duly recorded, were notice only to subsequent purchasers. *Ely v. Wilcox*, 20 Wis. 524; *Deuster v. McCamus*, 14 id. 307; *Straight v. Harris*, id. 509; *Stuyvesant v. Hone*, 1 Sandf. Ch. 419; R. S. ch. 86, § 33.

*Wm. F. Vilas*, for respondent:

Courts of equity never enforce antiquated claims, though they do not fall within any special statutory bar. Story's Eq. Jur. §§ 15, 20, and cases cited in note. But here it is expressly shown that the alleged owner of the equity of redemption has not been " seized or possessed of the premises in question within twenty years before the commencement of the action." R. S. ch. 138, §§ 2, 3; *Hovenden v. Lord Annesley*, 2 Sch. & Lef. 607, 637–640; *Hodle v. Healey*, 1 Ves. & B. 535; *Foster v. Hodgson*, 19 Ves. 180; *Barron v. Martin*, id. 326; notes to *Deloraine v. Browne*, 3 Bro. Ch. 633. The complaint also shows that defendant, as grantee of the purchaser at the sheriff's sale, under a warranty deed, and under circumstances clearly showing a claim of title exclusive of any other right, has been for over twenty years in

"actual, open and notorious possession" of the whole of the premises. Such possession for ten years would have defeated the right to redeem. *Knowlton v. Walker*, 13 Wis. 264 ; *Waldo v. Rice*, 14 id. 286.

PAINE, J. The demurrer to the complaint must be sustained, upon the ground that it appears upon the face of it that the action is barred by the statute of limitations.

The complaint shows that the defendant took a warranty deed of the premises in 1846, and entered into possession soon after, under that deed, and has been in possession ever since.

The only answer which the plaintiff makes to the statute of limitations is, that inasmuch as Noonan, the defendant's grantor, had only the rights of a mortgagee, therefore the defendant is to be supposed to have claimed only such title as Noonan could actually give him, and not such as Noonan professed to give, and warranted to him by the deed. In that case he would be a mere mortgagee in possession, claiming only that character, and the possession would not be adverse. But it seems clear that, upon the facts stated, the court is not at liberty to impose any such character upon the defendant's claim and possession. On the contrary, where one enters upon land under a recorded deed, his entry and claim are referred to that deed, and measured by it. If it is a warranty deed, purporting to give him a complete title, his possession becomes adverse to all the world. *Prescott et al. v. Nevers et al.*, 4 Mason, 326 ; *Bradstreet v. Huntington*, 5 Peters, 402, 443 ; *Town v. Needham*, 3 Paige, 546 ; *Jackson v. Smith*, 13 Johns. 406 ; Angell on Limitations, § 400.

The cases showing that, where the relation of mortgagor and mortgagee is recognized by the parties, the possession is not adverse, and that it requires some distinct act or denial to terminate that acknowledged relation and

Stevens vs. Brooks.

set the statute running, are not applicable.    There is here no such acknowledged relation, and never has been.    The inception of the defendant's title was the warranty deed from Noonan.    And although Noonan had once been a mortgagee only, and although he may have been so at the time of giving the deed, so far as his strict rights were concerned, yet even he did not then acknowledge that relation, having resorted to a sale, which he supposed had vested in him the complete title.    His assuming to convey the fee of the land by a warranty deed was, in itself, as decisive and clear a denial of the relation of mortgagor and mortgagee as can be required.    And the purchaser, entering under such warranty deed, is presumed to claim the title which the deed professes to give him.

Counsel suggests that notice to the mortgagor was necessary, and that the recording of the deed was not notice, because such record is only notice to subsequent purchasers.    I am not aware that, where one enters upon land claiming a perfect title, he is bound to give any other notice to other claimants than the possession itself, in order to set the statute running, there having been shown no such previous relation between him and them as would require such notice.    They must take notice at their peril of the real character of his possession.    Whenever a contest arises, he may show it to have been adverse, if he can ; and, in order to do that, may show under what claim of title he entered.    And where he entered under a recorded deed, he may show that.    It is not shown to prove notice, as such, but to show the claim of title under which he held possession.

The bar in this case, on the facts stated in the complaint, seems to be complete ; and the order must be affirmed.

*By the Court.* — Order affirmed.