## SEELEY and others vs. MANNING.

FORECLOSURE. (1, 4, 6) *Irregularities in, not affecting jurisdiction, not noticed in collateral action.* (5) *Effect of misdescription in decree and sale of wrong premises. Sale void, judgment unsatisfied.*

SHERIFF. (2, 3) *May sell under decree so directing, after expiration of term of office.* R. S., ch. 13, § 106.

POSSESSION. (7) *Of mortgagor after sale, subordinate to title of purchaser.*

EVIDENCE. (8) *Declarations of mortgagee inadmissible after sale, to defeat title of purchaser.*

1. In ejectment, where plaintiff claims under a foreclosure sale, defendant cannot take advantage of mere irregularities in the foreclosure proceedings not affecting the jurisdiction of the court. The remedy against such irregularities was by appeal from the foreclosure judgment.

2. Ch. 40 of 1869, which provides for the introduction in evidence of deeds duly executed, acknowledged and recorded, "purporting to be executed by any sheriff, deputy sheriff, referee or other person, by virtue of any judgment," etc., without proof of the judgment, etc., includes deeds executed by the grantor as "late sheriff," under authority of sec. 87, ch. 10, R. S. 1849 (sec. 106, ch. 13, R. S. 1858).

3. A decree in foreclosure, rendered by the circuit court for Iowa county, in 1854, directed the mortgaged premises to be sold "by or under the direction of A. B., Esq., sheriff of Iowa county," and that "said sheriff" give the usual notice, execute the deed, etc. Said A. B. afterwards reported a sale as made by him pursuant to the decree, and it was confirmed. In 1857, on petition of the mortgagee, an order of court was made amending the decree so as to make the description of the premises therein conform to that found in the mortgage and bill, and setting aside the sale. Thereupon a sale of the premises described in the amended decree was advertised and made by C. D., then sheriff of said county, and a deed to the purchaser was subsequently executed by him as "late sheriff." *Held*, that the direction in the decree in respect to the person by whom the sale, etc., should be made, must be regarded as merely requiring it to be made by the proper sheriff; and the sale of 1857 was not invalid because not made by A. B.

4. Where no answer is filed to a bill in foreclosure, the omission to enter an order that the bill be taken as confessed is merely an irregularity, and does not affect the jurisdiction of the court to render a decree of foreclosure and sale.

5. The decree was for the sale of the "mortgaged premises mentioned in the bill of complaint" (in which they were correctly described); but at the close of the decree the premises were incorrectly described as the "*northeast* quarter" instead of the "*southeast* quarter" of a section. The sheriff advertised and offered for sale the *northeast* quarter, and his report of the sale was confirmed, and judgment for a deficiency rendered against the mortgagor. *Held*, that the sale being merely void, the judgment was not thereby satisfied; and the court had jurisdiction to amend the decree and correct the mistake, and permit a sale of the mortgaged premises to be made under it as amended.

6. Whether the mortgagor, who was personally served with summons in the foreclosure action, and made default, was entitled to notice of the motion to amend, is a question which will not be considered in this collateral action.

7. Possession by the mortgagor, after a foreclosure sale, is *presumed* to be in subordination to the title of the purchaser; and the statute of limitations does not run in favor of the mortgagor in such case.

8. The fact that the mortgagee, when commencing the foreclosure, stated that nothing was due on the mortgage, and that he did not intend to eject the mortgagor, would not show, as against the purchaser at the foreclosure sale, that the mortgagor's possession after the sale was adverse; and evidence of such fact is inadmissible in ejectment by persons claiming under such sale.

9 The mortgagor having continued in possession of the premises for fourteen years after confirmation of the foreclosure sale, a writ of possession could not properly issue in the foreclosure suit in favor of these plaintiffs, who claim as the children and heirs-at-law of the purchaser; but their remedy was by action of ejectment. And *it seems* that such a writ, in the foreclosure action, could not properly have issued at any time on the application of these plaintiffs.

APPEAL from the Circuit Court for *Iowa* County.

Action by the *Seeleys*, heirs of David J. Seeley, deceased, for the recovery of the west half of the southeast quarter of section number twenty-nine, town number seven north, range one, in Iowa county. The complaint is in the usual form, alleging that the plaintiffs are the owners in fee of the whole of the premises, and that the defendant unlawfully withholds possession, etc. The answer denies the allegations of the complaint, and alleges that the defendant has been in possession of the land under absolute claim of title, based upon written con-

veyances, for more than ten years next before the commencement of this action. To establish their title the plaintiffs offered in evidence a chain of conveyances from the United States to *Manning*, the defendant, and a sheriff's deed of an undivided half of said land, executed by the sheriff of Iowa county to David J. Seeley, pursuant to a judgment of foreclosure and sale in an action wherein the said David J. Seeley was plaintiff, and purchaser at the sale, and *Manning* was defendant, dated April 13, 1859 ; also an order of the court in said foreclosure action confirming the sale. It was also proved that the defendant had been in possession since 1849. The defendant offered in evidence the whole of the record, or judgment roll, in said suit to foreclose said mortgage, the proceedings in which were the basis of the said sheriff's deed. The suit was commenced in 1853. The record shows no appearance on the part of the defendant, but there is no order entered that the bill be taken as *pro confesso*. The premises were at the first entry of the decree erroneously described therein as the one undivided equal half part of the *north*east quarter of said section, and in the advertisement of sale, and in a sheriff's deed executed thereon, the said premises were so erroneously described, and also in the order of confirmation of sale, which was dated September 25, 1854. One Cobb was purchaser at this sale. The record further showed that the said decree was annulled and sale set aside by the court, March 28, 1857, upon petition of the plaintiff in said suit, and that the decree was thereupon amended, and the description of the premises corrected, and a second sale advertised and had by the person, Messersmith, who was the sheriff of said county at the time of the entry of the corrected decree, and who was therein by name, as such sheriff, directed to make sale of the said premises, but whose term of office had expired before the sale was made by him under the corrected decree. The deed recited that he made the same as " late sheriff of said county." This sale was to Seeley, and upon it the deed was executed under which the

plaintiffs in this action claim.    The defendant's counsel offered to prove that at the time of the judgment or decree, nothing was due, on the mortgage in suit, and that the plaintiff therein, David J. Seeley, had declared, at the time of the commencement of the proceedings in chancery, that *Manning* did not owe anything, and that he did not mean to take the land, or eject him therefrom; but objection being made, the testimony was not received.    The defendant asked, among others, instructions, that (1), "even if the judgment, which is the basis of the plaintiff's deed, be valid, his remedy was by proper writ of possession, issuing from the court upon said decree, and not by this action ; (2), that the mistake could only be corrected upon notice of the application to the defendant in the foreclosure suit; (3), that the sale by Messersmith, he not having any special appointment therefor, was void ; (4), that no judgment *pro confesso* having been entered, the decree was void; (5), that the record evidence of the first sale operates as a discharge of the judgment or decree, until the record of the payment by the sale, and the judgment for deficiency entered thereon are set aside."    The court refused these several instructions, and charged the jury that the plaintiff's deed under the foreclosure proceedings, conveys to the children, as heirs of David J. Seeley, deceased, the undivided one-half of the land in dispute.    Verdict accordingly ; from judgment upon which the defendant appealed.

*Cothren & Lanyon*, for appellant, argued that a *past* sheriff could not sell and execute a deed, under a decree (R. S., 1849, ch. 424, § 82); that no order *pro confesso* was entered, and the judgment was void ; that the judgment was satisfied by the first sale to Cobb; that the decree could not be amended without notice ; that the possession of *Manning* had been adverse to that of Seeley, and the evidence offered by defendant should have been received, as it tended to prove that Seeley disclaimed title.

*Reese & Carter*, with *Wm. E. Carter* of counsel, for respond-

ent, argued that the possession of the mortgagor was the possession of Seeley and not adverse; and that the sale was properly concluded by the sheriff who began to execute the decree. R. S., ch. 13, sec. 106. The amendment of the decree was proper. *McCoy v. Quick*, 30 Wis., 525; *Kennedy v. Knight*, 21 id., 347. Judgment *pro confesso* is *presumed* to have been taken. *Manning v. McClurg*, 14 Wis., 353. If it were not done, it is a mere irregularity, not a jurisdictional defect, and cannot be inquired into collaterally. *Falkner v. Guild*, 10 id., 563; *Pollard v. Wagener*, 13 id., 569; *Nash v. Church*, 10 id., 303. The apparent duplicate judgments for deficiency do not affect the validity of this sale. *Bunker v. Rand*, 19 id., 259. The objection, that this action could not be maintained, because Seeley might have had a writ of possession, is untenable. *Tallman v. Ely*, 6 id., 257; R. S., ch. 141, sec. 29. Defendant could not go behind the judgment to show statements made by Seeley in his lifetime, made before judgment in order to impeach it. *Saunderson v. Lace*, 1 Chand., 231; 2 Pin. Wis., 257.

COLE, J. A general remark may be made with reference to a number of points on the brief of counsel for the defendant. Mere irregularities in the foreclosure proceeding, which did not affect the jurisdiction of the court, cannot be taken advantage of in this action. The proper way to correct them was by an appeal from the foreclosure judgment.

The first exception to be noticed is the one taken to the admission of the sheriff's deed in evidence. No grounds of objection were specified to the introduction of the deed, and none are pointed out on the brief of defendant's counsel which we deem valid. Ch. 40, Laws of 1869, declares that all deeds purporting to convey any interest in real estate, which are duly executed, acknowledged, and recorded in the office of register of deeds of the county in which the lands are situated, and which purport to be executed by any sheriff, deputy sheriff, referee or other person, by virtue of any judgment or decree of

any court of record or in pursuance of any sale made upon such judgment, shall be received in evidence without any proof of the judgment, execution or decree upon which they profess to have been made. We cannot understand why this statute did not authorize the admission of the deed in evidence. It is objected that the deed shows upon its face that it was executed by George Messersmith, *late* sheriff of Iowa county, and therefore this provision does not embrace it. But the statute makes no exception. It includes all deeds executed by the sheriff, and was undoubtedly enacted in view of the provision which has existed since 1850, and which authorized a sheriff who had begun to execute process before the expiration of his term of office, to proceed and execute the same. Sec. 87, ch. 10, R. S. 1849; sec. 106, ch. 13, R. S. 1858. It is also objected that the original decree of foreclosure only authorized Charles M. Mumford to make the sale. But this is a misconception of the decree. It obviously directs that the sale of the mortgaged premises should be made by the sheriff of the county. And the execution of the decree fell within the general provisions relating to such matters. The sheriff, George Messersmith, began to execute the decree in October, 1858, by advertising the mortgaged property for sale, and completed its execution after the expiration of his term of office, as he had the right to do under the statute.

It is further insisted that the record in the foreclosure action, which was introduced in evidence, showed that the sale, though made by the proper officer, was illegal and void, because it did not appear that an order *pro confesso* was entered. If no such order was in fact entered, it was at most only a technical irregularity, which did not and could not affect the validity of the sale. It is claimed that the failure to enter an order taking the bill as confessed deprived the court of power to proceed and render a decree of sale. But this view is so obviously incorrect, that no time need be spent in its refutation. The court acquired jurisdiction by the filing of the bill and the personal

service of its subpœna upon the defendants. This is plain. And the omission to enter an order *pro confesso* was not a jurisdictional defect, if such omission there was in fact.

It appears that the mortgaged premises were correctly described in the bill, and the decree ordered and adjudged that "the said mortgaged premises mentioned in the bill of complaint" in the cause should be sold, etc. In describing the premises at the close of the decree, there was a mistake made in the use of the word "north," instead of the word "south." The premises really embraced in the mortgage were the equal undivided half of the southeast quarter of section, etc., but by this error they were described as the equal undivided half of the northeast quarter. Before the mistake was discovered, a sale of the last mentioned tract was had, and the sale confirmed. Afterwards, on petition of the complainant, the original decree was corrected by the court, and the right tract was sold. This sale was confirmed, and the deed under which the plaintiffs seek to recover the premises was executed by the officer who completed the execution of the process.

It is now said that the first sale satisfied and discharged the judgment. We fail to perceive any reason why such a consequence should follow. The first tract sold was a wrong tract, not embraced in the mortgage, and surely one not authorized to be sold by the foreclosure action. The sale was simply void, on account of the error in the description. It would be strange if the mistake were irremediable. We do not think it was. The court had power to correct such an obvious blunder in the proceeding. The defendant, though personally served with process, made default. Whether, under such circumstances, he was entitled to notice of the application to amend the original decree, is a question we shall not inquire into in this collateral action. The decree was entered in March, 1854 ; was amended on petition in March, 1857 ; and the sale under the corrected decree was made in April, 1859. This action on the sheriff's deed, to recover possession, was commenced in

September, 1873. In the meantime, the mortgagor has remained in possession of the premises, and it is claimed that his possession has been adverse, and that the statute of limitations has run in his favor. We do not see any ground for saying that the possession of the defendant was adverse. The general rule is, that the possession of the mortgagor is presumed to be in subordination to the title of the mortgagee or purchaser at the foreclosure sale, until the contrary is shown, and there is nothing to take this case out of that rule. Even an affirmative answer to the question put to the defendant, as to what the mortgagee said when he commenced the foreclosure suit, about there being nothing due on the mortgage, and that he did not intend to eject the defendant from the land (if this testimony had been admitted), would not have shown adverse possession in the defendant. We think the proposed testimony to prove this conversation, and that the mortgage debt was paid before the rendition of the decree, was all properly excluded. But there is no proof that the defendant claimed title in hostility to the title of the purchaser at the foreclosure sale; and the presumption is, that his possession was in subservience to the true title.

The only remaining point we deem it necessary to notice, is the objection that the plaintiffs' remedy was by a writ of possession issued in the foreclosure action, and that they cannot maintain this suit. The plaintiffs claim the premises as children and heirs-at-law of David J. Seeley, deceased, who purchased at the foreclosure sale. We do not think the court would be warranted in issuing a writ of possession on their application in that action. But however this may be, we are very clear that the writ should not now issue, after the lapse of time which has intervened since the confirmation of the sale.

It follows from these views that the judgment of the circuit court is correct and must be affirmed.

*By the Court.* — Judgment affirmed.