## MAXWELL vs. HARTMANN and another, imp.

*December 7, 1880 — January 11, 1881.*

EXCEPTIONS: *(1) When respondent's exceptions available on appeal.*

NOTARY PUBLIC. *(2) Where he may act officially. (3) What his certificate must show.*

RECORD OF DEED: *(4) May be partially printed.*

MORTGAGE: CONSIDERATION: ADVERSE POSSESSION. *(5) Presumption as to consideration of mortgage. (6) When possession of mortgagor's grantee not adverse to mortgagee.*

1. Exceptions duly taken to the finding of the court and filed by the respondent, may be available so far as they may serve to sustain the judgment. R. S., sec. 3070.

2. A notary public, though required to reside in a particular county, is nevertheless a state officer, having power to act by virtue of his office throughout the state.

3. Such notary, taking the acknowledgment of a deed or mortgage, is required to indorse thereon a certificate thereof under his hand, and the true date of making the same; but such certificate need not state his residence nor have his official seal attached.

4. The record of a deed or mortgage is not defective merely because a portion of it is printed instead of being written with pen and ink.

5. A mortgage under seal, duly executed, witnessed and acknowledged, expressing a valuable consideration, is presumed to have been given upon the payment of such consideration; and as to a *bona fide* purchaser of such mortgage before due, for a valuable consideration fully paid, such presumption is conclusive.

6. The possession of the grantee in a warranty deed with full covenants, executed by such mortgagor after the mortgage has been recorded, is subordinate to the mortgage; and the statute of limitation, as to adverse possession, does not run in favor of such grantee against such mortgage.

APPEAL from the Circuit Court for *Ozaukee* County.

Foreclosure of a mortgage. The defendants *Catharine Hartmann* and *Henry Hartmann*, her husband, who were in possession of the premises under a deed from the mortgagor subsequent in date to the mortgage in suit, obtained a judgment dismissing the complaint as to them; and from this judgment the plaintiff appealed. The case is further stated in the opinion.

For the appellant there was a brief by *H. G. & W. J.*

*Turner*, and oral argument by *Wm. F. Vilas*. They contended, among other things: 1. That there was no evidence to sustain the finding that the mortgage was without consideration. Nor could such consideration be inquired into. Plaintiff was a *bona fide* holder of the note and mortgage, having purchased them before due, for a valuable consideration and without notice of any defense to the same. *Cornell v. Hichens*, 11 Wis., 353; *Crosby v. Roub*, 16 id., 616; *Andrews v. Hart*, 17 id., 297. 2. That the action was not barred under sec. 6, ch. 138, R. S. 1858. The relation of mortgagor in possession to mortgagee is a quasi-tenancy. If the mortgagor conveys, the relation continues to his grantee, and both alike are estopped from denying the mortgagee's title, or claiming adversely to him. *Avery v. Judd*, 21 Wis., 262; *Seeley v. Manning*, 37 id., 574; *Wright v. Sperry*, 25 id., 617; 2 Washb. R. P. (3d ed.), 158; Angell on Lim., §§ 449, 453.

For the respondents there was a brief by *Foster & Coe*, and oral argument by *Mr. Foster:*

1. Plaintiff might have brought this action at any time after the first failure to pay interest, July 1, 1857. But he permitted the defendants to exercise exclusive dominion over the premises, under written claim of title, and his power to foreclose is therefore barred by the statute limiting the right of entry. R. S. 1858, ch. 138, secs. 6, 7; *Bruce v. Tilson*, 25 N. Y., 194; Jones on Mortg., § 1192; *North v. Hammer*, 34 Wis., 425. The grantee of a mortgagor may hold adversely to the mortgagee. "Where one enters upon land under a recorded deed which purports to give him complete title to the whole land, his possession becomes adverse to the whole world." *Sydnor v. Palmer*, 29 Wis., 227; Tyler on Ejectment, 928; *Jones v. Bivins*, 56 Ga., 538. The rights of the mortgagee were never recognized by the defendants. *Stevens v. Brooks*, 24 Wis., 329; Jones on Mortg., § 1192. They were not bound, when they entered upon the land, to give other notice than possession itself to set the statute in motion. *Stevens v.*

*Brooks, supra; Pepper v. O'Dowd,* 39 Wis., 538; *Jamison v. Perry,* 38 Iowa, 14. 2. The mortgage was not so acknowledged as to entitle it to be recorded. The power of a notary public to act depends upon his residence. R. S. 1849, ch. 9, sec. 66. Hence, to his signature he must add the name of the county for which he was appointed. It is part of his official title, and without such title the certificate of acknowledgment would import no authority. R. S. 1849, ch. 59, sec. 8; *Willard v. Cramer,* 36 Iowa, 22; *Thompson v. Burhans,* 9 N. Y., 93; *Downing v. Gallagher,* 2 S. & R., 457; *Cook v. Staats,* 18 Barb., 407. Under ch. 116, Laws of 1856, clerks of circuit courts are required to certify as to the qualifications of a notary. All acts of a notary, therefore, should indicate to what county to go for such certificate. It is a general rule that wherever a certifying officer is required to have a seal, he must authenticate his certificates by his seal, as well as by his signature. *Stephens v. Williams,* 46 Iowa, 540. 3. There was no legal registry of the mortgage. It should have been recorded by the register "in plain and distinct *hand-writing* in suitable books to be provided and kept in his office," etc. R. S. 1849, ch. 10, sec. 121. Hand-writing is a technical term in the law, meaning written by hand. Greenl. Ev., §§ 576, 577. Subd. 19, sec. 1, ch. 4, R. S. 1849, as to the construction of the words "written," and "in writing," have no application. Again, the book in which the mortgage was recorded seems to have been the private property of the mortgagee, and not such an one as the statute contemplates. 4. The evidence showed the mortgage to have been without consideration. This was a good defense to the action. The statute of limitations had run upon the note. The equitable rights only remained, and the mortgage could be foreclosed only by virtue of the recognition therein of the debt. *Wiswell v. Baxter,* 20 Wis., 680. Such recognition does not estop inquiry as to consideration. Such inquiry is estopped only by the law-merchant, and that. law no longer applies.

CASSODAY, J. This action was commenced February 5, 1876, by the plaintiff, as holder and assignee of what is usually known as a "farm mortgage," bearing date January 9, 1857, with the note and bond in the form usual at the time, to foreclose the same. The defendants, *Catherine Hartmann and husband*, set up, by way of answer, continued adverse possession in themselves, under warranty deed executed August 27, 1863, by Gessner and wife, the mortgagors. The other defendants make no contest. The court found, among other things, that the note and mortgage were made, executed and delivered as alleged in the complaint; that there was $2,700 due the plaintiff thereon; that the mortgage was duly acknowledged, executed and delivered by Gessner and wife to the railroad company, and duly recorded January 11, 1857; that *lis pendens* was duly filed February 5, 1876; but found that *Mrs.* and *Mr. Hartmann* had been in the adverse possession, under said deed, as alleged in their answer; that the mortgage was given without consideration; that the book where it was recorded consisted of printed blank forms of mortgages to the railroad in question; that the only writing therein was the filling of the blanks; that there was a label on the back of the book, "Mortgages, No. 5," with the initials of said railroad, while the other volumes had labels showing that they belonged to the county; and, as conclusions of law, the court held that the complaint should be dismissed as to the *Hartmanns;* and judgment was entered accordingly. Exceptions to such of the findings as were adverse to the plaintiff were duly filed.

Before noticing the grounds upon which we are asked to reverse this judgment, we will consider the other points upon which we are urged to sustain it. It is claimed that the evidence shows, contrary to the finding, that the mortgage was not properly *acknowledged*, nor properly certified *to*, so as to entitle it to be recorded as a mortgage in Ozaukee county; and hence, that what purported to be a record, was, in law, no record, as against a *bona fide* purchaser for value. There may be a

question whether this finding adverse to the respondents is open for review upon this appeal. In *Pettigrew v. Evansville*, 25 Wis., 223, it was held that, "under the practice established by our statute in this state, in causes tried by the court alone, the appellate court will not review questions of fact, except those brought before it by the *appellant's* written exceptions to the findings of fact." That case was decided in 1870. The amendment of 1872, incorporated in section 3070, R. S., provides: "Any question of fact or of law, decided upon trials by the court or by referee, may be reviewed, when exceptions to the findings of fact have been duly taken by *either* party and returned." Under this statute, it would seem that exceptions taken by a respondent may be available, at least so far as may be necessary to sustain a judgment. Whether a respondent's exceptions can be made available for the purpose of reversing, and securing a judgment more favorable to himself, it is not necessary here to decide. The construction suggested however, makes it necessary for us to determine whether the mortgage in question was properly acknowledged, and the acknowledgment properly certified to, so as to entitle the same to be recorded as a mortgage; and, also, whether it ever was, in fact, so recorded. The acknowledgment purports to have been taken by Bartholomew Ringle, as notary public, in Ozaukee county, Wisconsin, but the certificate contains nothing indicating the residence of Ringle at the time, except so far as might be inferred from the venue being in Ozaukee county. The evidence clearly shows, however, that Ringle, at the time of the execution of this mortgage, resided in Dodge county, Wisconsin. Section 57, ch. 9, R. S. of 1849, provided that "the governor shall appoint, in each organized county of the state, one or more notaries public, who shall be considered state officers, and shall hold their offices for the term of two years, and shall have power to act, by virtue of their office, throughout the state." This section was in force at the time of the execution of the mortgage in question, and is substan-

tially preserved in section 173, R. S. Assuming that Ringle was notary public at the time, then there can be no doubt that he had power to act, by virtue of his office, throughout the state; and it was wholly immaterial in what particular county in the state he happened to reside. It was necessary for him to reside in some county in the state in order to qualify him to hold the office. Having such residence, and being thus qualified, he had power to act in any county in the state. Nor do we think that it was necessary that he should state his residence in his certificate of acknowledgment. The statute in force at the time only required that he should "indorse thereon a certificate of the acknowledgment thereof, and the true date of making the same, under his hand." Section 8, ch. 59, R. S. 1849. The same has continued to be the statute ever since. Section 2216, R. S. *Willard v. Cramer*, 36 Iowa, 22, was under a statute wholly unlike ours; for there the notary had no power to act in any other county except the one in which he resided. The same may be said of *The People v. Hascall*, 18 How. Pr., 118. The testimony shows that Ringle was a notary public at the time; and he was punishable for any misconduct as such notary. Section 65, R. S. 1849; section 180, R. S. We see no reason why the same presumptions which prevail in respect to other officers acting within their jurisdiction, should not apply to notaries public. In *Pringle v. Dunn*, 37 Wis., 449, this court held that the presumption of due execution could be "overcome only by clear and satisfactory evidence to the contrary, such as is required for the reformation or rescission of a deed or other instrument on the ground of mistake." It is true that he did not affix his official seal; but it has frequently been held under similar statutes that the certificate of acknowledgment need not be authenticated by the notarial seal. *Farnum v. Buffum*, 4 Cush., 260; *Learned v. Riley*, 14 Allen, 109; *Baze v. Arper*, 6 Minn., 220; *Thompson v. Morgan*, 6 Minn., 292; *Fund Comm'rs of Muskingum*

*Co. v. Glass*, 17 Ohio, 542.   Such, unquestionably, is the con-
struction given to such statutes.

But it is urged by counsel, that even if this mortgage was
properly acknowledged and certified to, yet it was never in fact
recorded as required by the statute at the time, for the reason
that it was not recorded "in a plain and distinct handwriting,"
within the meaning of section 121, ch. 10, R. S. 1849 (subd.
2, sec. 758, R. S.).   The particular objection is, that the book in
which this mortgage was recorded was composed of printed
blanks in the form of farm mortgages, similar to this, and that
the only writing with the hand was the filling of the blanks.
But the same statute provided that "the words 'written' and
'in writing' may be construed to include printing, engraving,
lithographing, and any other mode of representing words and
letters."   Subdivision 19, sec. 1, ch. 4, R. S. 1849; subd. 19,
sec. 4971, R. S.   The only exception provided for is in the
case of signatures to original papers.   There is no claim that
this copy of the record was not complete and perfect.   We
cannot hold that this record is defective because a portion of it
is printed.   Certainly a printed record is as effective to protect
*bona fide* purchasers as one wholly in writing.   It is also just
as beneficial to parties and those in privity with them.   The
objects of the recording acts are as fully complied with by a
printed as by a written record.   There is no question but that the
book in which the record was made was a part of the public
records in the register's office of Ozaukee county.   But the
statutes required that the register of deeds should keep a gen-
eral index, each page of which should be divided into eight
columns, with heads to the respective columns, of the time of
reception, the name of the grantor, the name of the grantee,
the description of the land, and the name of the instrument;
and that such register should make correct entries in said
index of every instrument or writing received by him for
record, under the respective and appropriate heads, entering

the names of the grantors in alphabetical order; and, immediately upon the receipt of every such instrument or writing for record, should enter in the appropriate column, and in the order of time in which it was received, the day, hour and minute of reception; and the same should be considered as recorded at the time so noted. Sections 123 and 124, ch. 10, R. S. 1849; sections 758–9, R. S. "Such entry operates as constructive notice of all the facts contained therein, and also of the contents of the deed itself, until it is recorded *in extenso.*" *Pringle v. Dunn,* 37 Wis., 449. After a careful examination, we are forced to the conviction that there is no defect in this record.

In regard to the interlineation of the words "of section 26" in the mortgage, it would seem that they were fully explained, if any explanation was required; but it is only where, "on the production of the instrument, it *appears* to have been altered," that "it is incumbent on the party offering it in evidence to explain this appearance." *Page y. Danaher,* 43 Wis., 225. In this case it was in the same handwriting and in the same ink, and had the appearance of having been made at the same instead of some other date.

Having disposed of the exceptions of the respondents, we will now consider some of the points raised by the exceptions of the appellant.

It is found that the mortgage was given without consideration. The mortgage was duly executed, sealed, witnessed and acknowledged, and it is expressly stated therein, and also in the note accompanying the same, that they were given for and in consideration of the sum of $1,000 to the mortgagors in hand paid, the receipt whereof was thereby acknowledged. In *Grout v. Townsend,* 2 Denio, 336, it was held that "the acknowledgment of consideration in a deed of lands cannot be contradicted, in a case free from fraud, for the purpose of defeating the conveyance." Here there really was no evidence to sustain the finding that there was no consideration,

except the neighborhood talk about that time.   In this case the evidence clearly shows that the plaintiff purchased the note, mortgage, and bond accompanying the same, and paid for them as early as 1857, and before there was any default in the payment of the principal or any of the interest, and upon the representation, and with the full belief, that they were good and valuable securities.   The plaintiff, therefore, was a *bona fide* holder for a valuable consideration fully paid; and, under the repeated decisions of this court, he is entitled to protection as such.   *Cornell v. Hichens*, 11 Wis., 353; *Crosby v. Roub*, 16 Wis., 616;  *Andrews v. Hart*, 17 Wis., 297; *Heath v. Lead Mining & Smelt. Co.*, 39 Wis., 146;  *Bange v. Flint*, 25 Wis., 544.

The court found, as alleged in the answer, that the *Hartmanns* entered into possession of the mortgaged premises August 27, 1863, under claim of title exclusive of any and all other right, founding such claim upon a warranty deed with full covenants executed by Gessner and wife to *Catharine Hartmann*, in consideration of $600 to them fully paid, and have continued in such possession and occupancy, under such claim, ever since.   It is urged that this brings the case squarely within the provisions of sections 6 and 7, ch. 156, R. S. 1858 (sections 4210 and 4211, R. S.); and in support of this position counsel cite, among other cases, *Stevens v. Brooks*, 24 Wis., 326, and *North v. Hammer*, 34 Wis., 425.   We do not think, however, that these cases go to the extent of holding the doctrine contended for.   In *North v. Hammer* the deed and bond constituting the equitable mortgage had their inception August 19, 1851; whereas the written instruments constituting the color of title, under which Hammer claimed, consisted of a judgment in a justice's court, recovered November 28, 1850; a transcript thereof, filed in the office of the clerk of the circuit court December 12, 1850; an execution thereon August 14, 1851, four days prior to the inception of the equitable mortgage; and a subsequent sale and deed

on such execution; so that his written claim of title was not only anterior to the inception of the equitable mortgage, but adverse to the mortgagor as well as the mortgagee; and the language of the court in that case, as in all others, must be considered with reference to these facts. In *Stevens v. Brooks*, the defendant entered into adverse possession under warranty deed with full covenants from one having an apparently perfect legal title, and it was, in effect, held that, after ten years of such adverse possession, his title could not be defeated by showing that his grantor was only an equitable mortgagee in fee in possession. The other cases cited on this point differ in facts so widely from the case here presented, that no comment seems to be necessary. Here the mortgage was duly recorded, and the deed to *Mrs. Hartmann* was long subsequent to such record, and hence, in law, must be deemed to have been taken with full knowledge of the mortgage. Taking title in that way, her rights were entirely subject and subordinate to the mortgage. *Mrs. Hartmann* and her husband, therefore, stood in no better position than their grantor, Gessner. They can no more defend against the mortgage on the ground of adverse possession, than could Gessner, the mortgagor. The rule is elementary, that, " the possession of the mortgagor or his grantees is presumed to be subordinate to the mortgage, until it is shown by some act that such possession is inconsistent with the rights of the mortgagee." 2 Jones on Mort., § 1211. This rule has frequently been sanctioned by this court. *Avery v. Judd*, 21 Wis., 264; *Seeley v. Manning*, 37 Wis., 574.

It was also urged upon the argument, though not set up by way of answer, that this foreclosure suit was not commenced within the time required by the statute. This action was commenced by the service of the summons and complaint upon the *Hartmanns*, personally, February 5, 1876. The note, by its terms, became due July 1, 1866, being less than ten years prior to the commencement of the action. It was stated upon

the argument that the mortgage contained a clause authorizing the mortgagee, at his option, to declare the mortgage due at an earlier date. Whether such clause would have had any significance, it is not necessary to consider, since the mortgage contains no such clause; and besides, the statute of limitation, in this respect, has not been pleaded.

We, therefore, hold that: (1) Exceptions duly taken to the finding of the court, and filed by the respondent, may be available so far as they may serve to sustain the judgment. (2) A notary public, though required to reside in a particular county, is nevertheless a state officer, having power to act, by virtue of his office, throughout the state. (3) Such notary, taking the acknowledgment of a deed or mortgage, is required to indorse thereon a certificate thereof under his hand and the true date of making the same, but such certificate need not state his residence, nor have his official seal attached. (4) The record of a deed or mortgage is not defective merely because a portion of it is printed, instead of being written with pen and ink. (5) A mortgage under seal, duly executed, witnessed and acknowledged, expressing a valuable consideration, is presumed to have been given upon the payment of such consideration, and, as to a *bona fide* purchaser of such mortgage before due, for a valuable consideration fully paid, such presumption is conclusive. (6) The possession of the grantee in a warranty deed with full covenants, executed by such mortgagor after the mortgage has been recorded, is subordinate to the mortgage; and the statute of limitation, as to adverse possession, does not run in favor of such grantee against such mortgage.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment of foreclosure and sale for the amount due on the mortgage.