ROBERT C. ZIMMERMAN, Secretary of State
You ask opinions on three questions:
(1) If a convicted felon has served his sentence and received a certificate attesting to that fact, pursuant to sec. 57.078, Stats., is he in the same position as a convicted felon who has been pardoned by the Governor, with regard to having the good moral character required to qualify for a commission as notary public, under sec. 137.01 (1) (b) and (h), Stats.?
(2) Is the Department of Health and Social Services, Division of Corrections, the only agency with authority to issue such a certificate?
(3) Is serving the term of imprisonment adequate to restore civil rights?
Your questions will be discussed seriatim.
Article XIII, sec. 3, Wis. Const., provides:
 ". . . No person convicted of any infamous crime in any court within the United States . . . shall be eligible to any office of trust, profit or honor in this state."
The position of notary public is such an office, Maxwell v.Hartmann (1881), 50 Wis. 660, 664-665, 8 N.W. 103. Becker v. *Page 76 Green County (1922), 176 Wis. 120, 124, 184 N.W. 715, held that an infamous crime, within the meaning of Art. XIII, sec. 3, means a crime punishable by imprisonment in the state prison, which includes all felonies. In view of the constitutional provision and Becker, it is most doubtful that the legislature could absolve one from the disqualification for public office, resulting from a felony conviction. In any event, sec. 57.078, Stats., provides no basis for a contention that the legislature intended thereby to remove the convicted felon's disqualification for public office.
Section 57.078, Stats., provides:
 "Every person who is convicted of crime obtains a restoration of his civil rights by serving out his term of imprisonment or otherwise satisfying his sentence. The certificate of the department or other responsible supervising agency that a convicted person has served his sentence or otherwise satisfied the judgment against him is evidence of that fact and that he is restored to his civil rights . . . ."
The statute is concerned with the restoration of "civil rights, " a term not defined in the statute. The purpose of the statute, which was enacted by ch. 477, Laws of 1947, is described in a comment by the Interim Committee, 1947, as follows:
 "The reason for 57.078 is quite obvious. Its constitutionality is asserted in a brief submitted to the committee by the revisor of statutes. The brief is printed in the May 1946 issue of the Wisconsin Law Review, Vol 1946, page 281. (Bill 256-S)"
The brief referred to in the above quotation contains no suggestion that the committee studying the matter was concerned with more than voting rights.
The brief comments, 1946 Wis. L. Rev. 288-289:
 ". . . The clause `unless restored to civil rights' as used in the constitution is generally understood to refer to the right to vote. Sometimes, although seldom, it may be understood to refer to eligibility to public office."
Article III, sec. 2, Wis. Const., provides that a person convicted of treason or a felony shall not be qualified to vote "unless restored to *Page 77 
civil rights." In the context there, civil rights certainly need mean no more than voting rights.
The legislature has distinguished between a pardon and a restoration of civil rights. Section 176.05 (9), Stats., denies a liquor license to one convicted of a felony unless the person "has been duly pardoned." By contrast, sec. 66.053 (1) (b), Stats., denies a nonintoxicating beverage license to a convicted felon unless he "has been restored to civil rights."
It is my conclusion that a convicted felon who has been restored to his civil rights, pursuant to sec. 57.078, but has not been pardoned is not eligible to hold the office of notary public, whereas a gubernatorial pardon — at least one on the ground of innocence — suffices to remove the disqualification.
II.
You ask whether the Department of Health and Social Services, Division of Corrections, is the only agency having authority to issue a certificate, under sec. 57.078. The statute expressly states that the certificate may be "of the department or other responsible agency . . ." Since a convicted felon while serving his sentence may be in the custody of the local sheriff, not the department, the sheriff could be the person to certify as to the sentence having been served. Also, under sec. 973.11, Stats., persons on probation from courts in Milwaukee County may be in the custody of the probation department of such courts, in which case that department could issue the certificate.
III.
Lastly, you ask whether serving the term of imprisonment is adequate to restore the convicted felon to his civil rights. That is what sec. 57.078, Stats., expressly provides, by the first sentence. I see no ambiguity in the language nor any reason to question the clear meaning. The certificate merely provides evidence that the "convicted person has served his sentence or otherwise satisfied the judgment against him . . ."
RWW:EWW *Page 78