FRANK VOLPINTESTA, Acting Corporation Counsel Kenosha County
Corporation Counsel Salituro asked whether the circuit and county courts in Kenosha County can use seals in the form of a rubber stamp. My answer is "yes."
Section 990.01(37), Stats., in defining "seal" states:
 ". . . If the seal of any court or public officer is required to be affixed to any paper issuing from such court or officer `seal' includes an impression of such official seal made upon the paper alone."
The key word in this definition is "impression." Section 990.01
(1), Stats., provides that words and phrases contained in the statutes "shall be construed according to common and approved usage." In looking to Webster's Seventh New CollegiateDictionary, one finds that the definition of "impression" includes "an affecting by stamping or pressing" and "the effect produced by impressing: as . . . a stamp, form or figure resulting from physical contact." Similarly, "impress" means "to mark by or as if by pressure or stamping." Nothing in these definitions indicates that an ink print left upon the *Page 276 
paper by a rubber stamp is any less all "impression" than is a physical indentation in the paper left by a mechanical sealing device.
The words "impression upon the paper alone" are words of art used by courts in the development of the common law pertaining to seals to allow latitude in what may constitute a proper seal. By the early twentieth century, various jurisdictions rejected the notion that special substances such as wax, mucilage, or wafers were needed to effect a proper seal. See Swink v. Thompson, 31 MO. 336, 339 (1861); Bradley v. Northern Bank of Alabama,60 Ala. 252, 253 (1877); and Pillow v. Roberts, 54 U.S. 472, 473 (1851). The Legislature has through its use of these words indicated that the official seal of a court is not technically limited to particular substances traditionally used in sealing documents.
In Oelbermann and another v. Ide, 93 Wis. 669, 673 (1896), the court stated that "A design printed in ink is not a seal of office." Since the issue in that case was whether a handwritten alteration of a seal could constitute an official seal, however, the quoted statement is mere dicta, and not controlling here.
The obvious purpose of a seal is to help ensure the authenticity of a document. In order to serve that purpose, the seal must be durable, distinctive, and not easily forged. While a "seal" drawn with pen and ink would not satisfy those requirements, an ink seal printed by a rubber stamp would, and is, therefore, perfectly acceptable.
BCL:WHW