COLLIER, C. J
— The facts suggest these questions—
First. Should the demurrer to the testator’s ]3lea have been sustained?
Second. Was the dred for the lot in Mobile legally admitted in evidence?
Third. Was it sufficient evidence in point of law, to show that the'testator was a freeholder, as alleged in his plea ?
1. The verification at the foot of the plea, stating it to have been sworn to, and subscribed in open court, (as certified by the clerk,) is certainly a sufficient compliance *15 with the statute, which requires such pleas to he accompanied with an affidavit of their truth.
The words “sworn to” clearly refer to the plea, and must he taken to mean, that the testator declared, on oath, the facts it set forth were true.
Nor is the plea objectionable, in not alleging the ground of abatement to be continuing up to the time of pleading. The language of the statute forbids such an idea. It exempts from suit, any one situated as the testator is shewn by his plea to have been; and a change of condition between the time of bringing suit and interposing the defence, cannot deprive him of his privilege. We are warranted in this conclusion by the usual forms of such a plea —(1 Stew. R. 22; ibid 379; 2 Stew. & Por. R. 247.)
The plea does not, in the defence relied on, employ the precise language used in the statute, the words of which are: “ No freeholder of this territory shall be sued out of the county of his permanent residence,” &c.
The plea is, that the “ defendant was a resident citizen of the county of Mobile, and a freeholder of said county.” The adjective “resident,” preceding the substantive “ citizen ,” we think quite as forcible to indicate a fixed home, as the words “ permanent residence” connected in the act; and as no rule of pleading requires a de-fence of this character to be disclosed, otherwise than according to the intent and meaning of the statute, — we are of opinion that the discrepancy is not fatal.
If, however, the demurrer can be made to reach not only to defects apparent in the plea, but to the want of an indorsement on the plea of the time of pleading, it still *16 might be sustained. By the twelfth rule, regulating the “practice in the Circuit and County courts,” it is provided that, “ No plea in abatement shall be received, if objected to, unless by the indorsement of the clerk, it appear to have been filed within the time allowed for pleading.” The phraseology of this rule would intimate, that the want of an indorsement, such as it contemplates, must be objected, before the reception of the plea, or it cannot be afterwards raised. In the present case, the demurrer admits the plea to be in file, and can only contest its legal sufficiency on the ground, that the facts disclosed, do not constitute an available defence, or else do not come in, in such form as to make them unexceptionable. If it appeared affirmatively that the plea was not filed within the time prescribed by statute, we will not say that such an objection would not have been well taken; but this is not discovered by the record, however the fact may be.—(Buddle vs. Wilson, 6 T. R. 369; and McAlpin & McAlpin vs. May, 1 Stew. R. 520.) We are, then, brought to the conclusion, that in overruling the demurrer, the Circuit court did not err.
2. The solution of the second question must depend on our statutes, in regard to the acknowledgment and certification of deeds. By the third section of the act of eighteen hundred and three, (Aik. Dig. 88,) the judges of the Superior court, or one of the justices of the County court, of any county in which the lands, &c. are situated, are authorised to take the acknowledgment or probate of deeds or conveyances of land, &c., “ and if a certificate of such acknowledgment or proofs shall be written upon or under the said deed or conveyance, and *17 be signed by the person before whom ft was made, then every such deed or conveyance, so acknowledged, or proved and certified, shall be received in evidence in any court of this territory, as if the same were then and there produced and proved.’-’
By the first section of the act of eighteen hundred and ■eighteen, (Aik. Dig. 90,) it is enacted, that clerks of the Superior and County courts shall take and certify ác-. knowledgments of deeds and relinquishments of dower, within their respective counties, in like manner and form as were then required, when taken before a judge of the Superior court or justice of the quorum. These-are 4lre only statutable provisions which can have any influence upon the question.
The act of eighteen hundred and three, does not require the certificate of a judicial officer of the acknowledgment or proof of deeds to be made under seal, so that these acts would be quite as valid, without that appendage. The act of eighteen hundred and eighteen, which confers'the authority given by the previous enactments, on the clerks of the courts, only requires that they shall execute it, in the like manner and form as theretofore required. Now as seals were not theretofore essential to the validity of a certificate, it would seem" necessarily to follow, that the objection founded upon the want of a seal, was not well taken, and that there could be no objection to the course adopted on the trial, of proving the hand-writing of the clerk.
3. The deed was not sufficient in itself, to show the testator to have been a freeholder in Mobile at the commencement of the action, or at any other time. There *18 was no evidence that the grantor himself had the title, which by his deed, he undertook to convey — nor was the absence of this, supplied by proof, that the testator was in the actual occupancy of the lot conveyed. Without suppletory proof, the deed could not sustain the de-fence, and for the refusal so to instruct the Jury, there is error.
The judgment is reversed and the cause remanded.