WILLIAM C. THOMPSON *et als.*, Appellants, *vs.* CALEB MORGAN, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A mortgage executed in the presence of only one witness is ineffectual to pass any interest or estate in the lands described, and is not entitled to record. The record of such a mortgage is no notice to any one.

The recital of such a defective mortgage in a deed of the same lands by the mortgagor, merely describing the mortgage and declaring the deed to be subject to it, does not estop the grantee in the conveyance, or those holding under him, from questioning the validity of the mortgage.

The certificate of acknowledgment to a deed or mortgage need not be under seal, unless the statute authorizing the officer to take it expressly requires it. If the certificate styles the officer taking it as an officer authorized by law to perform the act, it will be *prima facie* evidence of his official character. The Statutes of this State in force in 1854, did not require a seal to such certificates.

The act of the Legislature of July 26, 1858, (*Comp. Stat.* 403–4,) does not affect any rights that were vested prior to its passage. The Legislature may perhaps have power to cure irregularities in conveyances, between the parties to them and all persons who take subsequent to the cure being wrought, but it cannot disturb vested rights.

Points and Authorities for Appellants.

I.—The mortgage relied on bearing date 22d October, 1854, which was Sunday, and the acknowledgements of the Notary being of the same date, without his seal of office and attested by but one witness, was not entitled to record, and therefore no notice. *Secs.* 8, 23, 24, *chap.* 35, *Comp. Stats.*, 398, 400; *Sigourney vs. Samuel*, 10 *Pick.*, 72; *Kerns vs. Swope*, 2 *Watts*, 75; 44 *Maine*, 25; 5 *Blackf.*, 92.

II.—The decree is erroneous in providing that a deed be executed to the purchaser upon sale of the premises and in not providing that such sale shall be made subject to redemption according to law, and in not specifying in said decree the right of possession of the said Appellant and his right and term of redemption, and is otherwise erroneous and contrary to law.

Points and authorities for Respondents.

I.—The Respondent's mortgage, even if defectively executed, is an equitable mortgage or lien, and a Court of Equity will enforce it, according to the justice of the case. *Russell vs. Russell*, 1 *Leading Cases in Equity*, (*Hare & Wallace's notes*,) *p.* 519 *and cases there cited*; 1 *Hill. on Mort.*, *p.* 599, *chap.* 22.

II.—The Appellant Thompson is not a *bona fide* purchaser without notice as against the Respondent's mortgage. The Respondent's mortgage was properly reorded; the statute authorizes the recording of a deed which has attached to it a proper certificate of acknowledgment, without reference to the number of witnesses to the deed. *Comp. Stat.*, *page* 400, *section* 23.

This mortgage has a proper certificate of acknowledgment attached—signed by an officer authorized by law to take it. The omission of his official seal is unimportant, as the statute in force at that time did not require that the seal be affixed. *Rev. Stat.*, *ch.* 4, *art.* 6, *p.* 43-4.

Besides, the Appellants' mortgage, the only foundation of his claim upon the premises, is acknowledged in the same manner, and the certificate is without seal, the same as ours. If the record of our mortgage is not valid, the Appellant's claim must also fall.

The deed from Folsom to Babcock (Appellant's grantor or mortgagor,) is upon its face made subject expressly to the Respondent's mortgage,—the mortgage being fully described and the record thereof referred to in the deed. It cannot be pretended that Babcock acquired an unincumbered title by that deed, and he could convey or mortgage only such title as he had; the record of Babcock's deed showed the incumbrance to which his title was subject, and was notice to all persons claiming under him, even if the mortgage had not been recorded at all.

There is no pretence in the Appellant's answer that he had not actual notice of the Respondent's mortgage, at the time of the execution of that under which he claims, and the Court will not presume that he had not such notice.

III.—The deed from Folsom to Babcock properly executed, acknowledged and recorded, clearly describing the Respondent's mortgage, and made expressly subject to it, was not only a clear and explicit recognition of the existence and validity of the mortgage, but was an express ratification of it, as against all persons claiming under that deed; and this ratification was before the Appellant had acquired any interest in the property. "A party is estopped from denying a title which is recognized in a deed under which he claims." *Hart vs. Johnson,* 6 *Ham.,* 87; 2 *U. S. Dig., p.* 202, *sec.* 83, *S. C.*

IV.—The statute of July 26th, 1858, (*vide Comp. Stat., p.* 403, *sec.* 53,) cures the defective execution of Respondent's mortgage, and by force of that statute such mortgage stands with the same force and effect in all respects from its inception as if it had been originally executed in accordance with the statute then in existence. *Smith's Com's on Constitutional Construction, pp.* 409 *and* 410; *Watson vs. Bailey,* 1 *Binney,* 470; *Bammett vs. Barnett,* 15 *Serg. & Rawle,* 72; *Tate and wife vs. Stooltwoos et al.,* 16 *Ib.,* 35; *Satterlee vs. Matthewson,* 16 *Ib.,* 169; *Mercer vs. Watson,* 1 *Watts. Rep.,* 358; *Satterlee vs. Matthewson,* 2 *Peters,* 380, (8 *Curtis,* 147;) *Watson vs. Mercer,* 8 *Peters,* 88, (11 *Curtis,* 38;) *Chas. River Bridge vs. Warren Bridge,* 11 *Peters,* 420, (12 *Curtis,* 496); *Balt. & Susquehanna R. R. Co. vs. Nesbit,* 10 *Howard,* 395, (18 *Peters,* 428.)

V.—The fact that the Respondent's mortgage and the certificate of the acknowledgment thereof both bear date on Sunday, is unimportant—the referree having found that the mortgage was not in fact made nor acknowledged on that day.

VI.—The decree is proper in form except that the portion thereof in relation to the right of possession and redemption, under and pursuant to the statutes therein referred to should have been omitted, for—

1st. These statutes have no reference to and cannot affect mortgages executed prior to their passage. *Bronson vs. Kinsie,* 1 *How. U. S. Rep.,* 311, (14 *Curtis,* 628;) *McCracken vs. Haywood,* 2 *Ib.,* 608, (15 *Curtis,* 228;) *Gantley vs. Ewing, Ib.,* 716, (15 *Curtis,* 612;) *Howard vs. Bugbee,* 24 *Ib.,* 461.

2. These statutes do not purport to change the form or mode

of proceeding on foreclosure in any case; but simply to qualify and abridge the estate acquired by the purchaser by virtue of the sale and conveyance by the (Sheriff or) referee. *Comp. Stat.*, *p* 672, *secs.* 14, 15; *Id.*, *p.* 481, *secs.* 19, 28; *Id.*, 646, *secs.* 21, 22; *Sess. Laws* 1860, *chap.* 87.

W. C. THOMPSON, Counsel for Appellant.

H. R. BIGELOW, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—The mortgage from Folsom and wife to Morgan executed on the 23d day of October, 1854, was ineffectual to pass any interest in the land described. It was executed in the presence of one witness only and was attested by only one witness. The statute requires that such instruments must be executed in the presence of two witnesses, who shall subscribe their names to the same as such. *Comp. Stats.*, 398, *sec.* 8. This point was discussed and decided in the case of *Parret vs. Shaubhut*, 5 *Minn. R.*, 323. We there held that a mortgage of lands with only one witness was not entitled to record, and passed no interest in the lands.

The objection that the certificate of acknowledgment was not under the seal of the officer making it, is untenable. We held in the case of *Baze vs. Arper*, decided at this term, that no seal is necessary to certificates of this character unless the statute authorizing them expressly requires it. 2 *Cowen & Hill.'s Notes to Phil. Ev.*, *p.* 462. If the certificate styles the officer taking it as an officer authorized by law to perform the act, it will be *prima facie* evidence of his official character. *Id.*, *pages* 461-2-3. The statutes of this State at the date of the execution of this mortgage required no seal. *Comp. Stats.*, 398, *sec.* 8.

Morgan took nothing by this mortgage. When Folsom and wife conveyed the premises to Babcock, April 21, 1856, the conveyance was made subject to the Morgan mortgage, which was so expressed in the deed. Babcock of course had notice that such a mortgage existed, but that did not change the character of the mortgage nor cure its defects. He could

safely take the title subject to the mortgage and rely upon the defence that was patent upon its face for his protection. Babcock might perhaps have estopped himself from questioning the validity of this mortgage by any appropriate clause in his deed recognizing it as a subsisting lien, and waiving its defects, but the mere admission of notice that such a mortgage existed by a recital of it in this deed through which he derived his title would not operate such a consequence.

Thompson claiming under and through Babcock is affected by the recitals in the deed from Folsom to Babcock to the same extent that his grantor was, and no more. When Thompson took his mortgage from Babcock, he took with the same notice of the Morgan mortgage that was imputable to Babcock, to-wit, that such a defective mortgage existed, and he is in no way estopped from questioning it. *O'Daughaday vs. Paine*, decided this term.

The act of July 26, 1858, (*Comp. Stats.*, 403-4,) could not have the effect of curing the defects in the Morgan mortgage to the prejudice of Thompson's or Babcock's rights; it was passed subsequent to the date of the conveyances by which they acquired interests in the land. The Legislature have the right perhaps to cure such irregularities in conveyances as between the parties to them, and all persons who take subsequent to the cure being wrought, but it cannot disturb vested rights. We have been unable to find anything in the cases cited by the Respondent to this point that would induce us to admit this power in the Legislature.

The judgment is reversed, and the case remanded for judgment according to the principles here indicated.