# Alabama National Bank v. Chattanooga Door & Sash Co.

106 663
107 499

*Contest of the Answer of a Garnishee.*

1. *Contest of garnishee's answer; must be commenced by affidavit properly made.*—To contest the answer of a garnishee, the plaintiff, his agent or attorney must make affidavit before some officer authorized to administer such oath, that he believes the answer untrue (Code, § 2981); and if such affidavit is not made before an officer authorized to make it or is not properly certified, the contest cannot be entertained, and should be discharged.

2. *Same; affidavit of contest before notary public in another State, without his seal insufficient.*—The courts of this State can not take judicial knowledge of the appointment, power and term of office of notaries public in other States; and when to contest the answer of a garnishee, the plaintiff files an affidavit, purporting to have been made before a notary public of another State, who signed the same as notary public, but did not affix the seal of his office to the jurat, and there is no evidence offered to show that said person was a notary public in said State, nor any fact or statute introduced to show that under the laws of that State notaries public had authority to administer oaths in matters not pertaining to the common law duties of a notary public, the jurat to said affidavit without the notarial seal is not self-proving, and the affidavit for the contest being, therefore, insufficient, the contest should be discharged.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The appellee, the Chattanooga Door & Sash Company, brought an attachment suit against Samuel Ullman, doing business under the firm name of Ullman Hardware Company, in which suit a writ of garnishment was served on the appellant, the Alabama National Bank. The Alabama National Bank, as such garnishee, answered, denying all indebtedness to said Ullman. This answer of the garnishee was contested; and upon this

contest issue was formed upon which the trial was had. The facts as to the validity of the affidavit of contest filed are sufficiently stated in the opinion ; and as this is the only question reviewed on the present appeal, it is unnecessary to state any other facts.

The cause was tried by the court, .without the intervention of a jury; and upon the hearing of all the evidence, the court sustained the contest of the answer of the garnishee, and rendered judgment in favor of the plaintiff in attachment against the garnishee. This judgment is appealed from by the garnishee, the Alabama National Bank, and the rendition of said judgment, together with other rulings of the trial court, are assigned as error.

J. Q. COHEN and W. C. WARD, for appellant. The contest of the answer of the garnishee was not properly inaugurated, and should have been discharged. The affidavit was not sufficient. There was no proof that the person before whom it was made was a notary public, and there was no seal affixed to the jurat.—*Goree v. Wadsworth*, 91 Ala. 416 ; *Chandler v. Hanna*, 73 Ala. 390 ; Code, § 2981.

LANE & WHITE, *contra*.

COLEMAN, J.—The case was tried by the court, by consent of the parties, without a jury. The appeal is prosecuted from the judgment of the court, sustaining a contest of the answer of the Alabama National Bank, garnishee of Samuel Ullman, in the cause of the Chattanooga Door & Sash Company against the said Ullman, and the judgment rendered against the garnishee.

The answer of the garnishee, which if true entitled the garnishee to be discharged, was filed January 30th, 1891, and that which purports to be a contest was filed at the same term. The issue on the contest was made up and heard and judgment rendered in April, 1893. At the call of the case in April, 1893, the garnishee moved for its discharge on the grounds, that there had been no legal contest of the answer filed, and that the contest had not been sworn to before any person authorized to administer the affidavit. These motions were overruled by the court. Section 2981 of the Code pro-

vides that the plaintiff, his agent or attorney may controvert the answer of the garnishee, by making oath at the term the answer is made, that he believes it to be untrue; and thereupon an issue must be made up, under the direction of the court, in which the plaintiff must allege in what respect the answer is untrue, &c. The jurat to the contest purports to have been made in the State of Tennessee and is signed "G. D. Lancaster, Notary Public." There is no notarial seal attached to the jurat, nor was there any evidence offered to show that G. D. Lancaster was a notary public of the State of Tennessee, nor any fact or statute to show that under laws of Tennessee a notary public has authority to administer an oath in matters not pertaining to the common law duties and authority of a notary public. It seems that the court held that the jurat, as stated, was self-proving as to all these matters. The courts of this State cannot take judicial knowledge of the appointment, and terms of office of notaries public in other States and countries.—*Chandler v. Hanna*, 73 Ala. 390. Section 1106 of the Code provides that "for the authentification of his official acts, such notary public must provide a seal of office, which must present by its impression, his name, office, State and county for which he was appointed." Section 1800 of the Code specially provides that "acknowledgments and proofs of conveyances may be taken within the United States and beyond the State of Alabama by * * * * notaries public."—*Bradley v. Northern Bank*, 60 Ala. 252.

It was held in the case of *Goree v. Wadsworth*, 91 Ala. 416, that in matters in which a notary public was authorized to act, his certificate, verified under the seal of his office which conformed to the requirements of the statute, must be accepted as competent and sufficient proof, *prima facie*, of the facts within the scope of his authority, verified or certified by him as such. The answer of the garnishee not having been contested as provided in section 2981, *supra*, the motion to discharge it should have been granted. This view of the case renders it unnecessary to consider the many assignments of error on other questions.

The case must be reversed, and a judgment will be here rendered discharging the garnishee.

Reversed and rendered.