# Leech *et al. v.* Karthaus *et al.*

*Statutory action of Ejectment.*

1. *Ejectment; what necessary for plaintiff to recover.*—In an action of ejectment, where the plaintiff and the defendant do not claim title from a common source, in order for the plaintiff to recover, it is necessary for him to show possession of the property sued for prior to that of the defendant, or that he claims through one who had held title or possession prior to defendant.

2. *Proof of title through trust deed; mere recitals of subsequent instrument insufficient to show death of trustee.*—Where among the many conveyances, through which a party claims title, there is a trust deed, which contains a power authorizing the *cestui que trust* or debtor in case of the trustee's death, to substitute another trustee in place of the one named in the deed, and such named trustee dies and the title is conveyed by a substituted trustee, it is necessary in order to establish said title to prove the death of the original trustee; and the mere recial in the subsequent conveyance that the original trustee had died is not sufficient.

3. *Same; conveyance must be made by trustee.*—Where a trust deed executed to secure a debt, gives the trustee power to sell for payment of the debt after default, a subsequent deed by the grantor in said trust deed to the debtor who is named as *cestui que trust* in said deed, is insufficient to pass the legal title to such debtor; since, in order to pass such title, the trustee should join in such conveyance, or execute a separate conveyance.

4. *Deed; certificate of acknowledgment.*—A certificate of acknowledgment attached to a deed, which, after setting out the state and county, recites "I, W. S. Wells, Jr., in and for said state and county, hereby certify," etc., and which is signed "W. S. Wells, Jr., N. P., is a valid and sufficient certificate, notwithstanding the omission from its body of the words "Notary Public" immediately after the name of said officer.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. OSCEOLA KYLE.

This was a statutory action of ejectment, brought by the appellees against the appellants, to recover certain lands specifically described in the complaint.

The facts of the case relative to the claim of title of the respective parties are sufficiently stated in the opinion. The certificate of acknowledgement made by th notary public and attached to the deed from Epperson and wife to Karthaus, referred to in the opinion, after reciting the State and county, proceeded in the following language: "I, W. S. Wells, Jr., in and for said county and State, hereby certify," etc. When this deed was introduced in evidence, the defendants objected thereto upon the ground that it did not appear to have been acknowledged before an officer authorized to take and certify acknowledgements. The court overruled this objection, and the defendants duly excepted.

The cause was tried by the court without the intervention of a jury. Upon the introduction of all the evidence, the court rendered judgment in favor of the plaintiffs. From this judgment the defendants appeal and assign as error the several rulings of the trial court, to which exceptions were reserved.

HUMES, SHEFFEY & SPEAKE, for appellants.—The transaction between McCracken, the Association and Pleasants on March 20, 1897, whereby the Association agreed to cancel and discharge McCracken's debt to it, and to surrender his note, and McCracken agreed to cancel and discharge Pleasant's deed of trust (and did take it) to secure the amount of $600, operated as a novation, and was a discharge and payment of McCracken's debt secured by his deed of trust of May 16, 1891, and operated to revest the title to said property in McCracken, to pass immediately to Miss Leech under her mortgage of August, 1893.—*Altman v. Fletcher,* 110 Ala. 452, 458-9; *Milhous v. Duncan,* 78 Ala. 48; 75 Ala. 452, 458; 61 Ala. 155; *N. A. Dev. Co. v. Short,* 13 So. Rep. 385.

The deed of trust from McCracken to Martin as trustee, of May 16, 1891, and that from Pleasants to Nolen as trustee, of March 23, 1897, imposed upon said trustees, respectively, active duties in respect of taking possession of the property upon default, declaring the indebtedness due for failure to pay taxes, etc., advertising, selling and conveying in accordance with the terms of the trust-deeds, and vested the legal title to the property in such trustees, respectively.—*Shahan v. Tethro,* 114 Ala. 405, 407, (a B. & L. Ass'n. deed of trust); *Robinson v. Pierce,* 118 Ala. 274, 290, 3d and 4th headnotes; Code, § 1028.

A deed from a corporation must be acknowledged by the officers who sign the corporate name, and must be acknowledged by them in their official capacity and not as individuals.—*Chicago etc. Bank v. Baker,* 62 Ill. App. 154; *Klemme v. McLay,* 68 Iowa 158; 26 N. W. Rep. 53; *Bernhardt v. Brown,* 29 S. E. Rep. 884.

A certificate of acknowledgement taken by one signing his name followed by the initials "N. P.," and the body of the certificate not showing his official character or style of office is insufficient.—Code, § 996.

Where several persons are sued jointly in ejectment, and there is no proof or admission that some of them claim under a common grantor with the plaintiffs, as against such defendants, the plaintiffs cannot recover without proof of conveyances back to the government or to some grantor in possession, or proof of prior actual possession in the plaintiffs themselves.—3 Brick. Dig., 325, § 40, 38, 47; *Florence etc. Assn. v. Schall,* 107 Ala. 531; *T. C. I. & R. R. Co. v. Tutwiler,* 108 Ala. 483.

COOPER & FOSTER, *contra.*—Appellant contends that in the transaction between McCracken and the Association, the deed of trust was satisfied, and her mortgage, being of record when the deed to Pleasants was made, gave her a title superior to that taken by Pleasants under his conveyance from the Association. There is no merit in this contention.—*Fouche v. Swain,* 80 Ala. 151; *Jones v. Davis,* 121 Ala. 348; *Hassell v. Hassell,* 29 So. Rep. 695.

[Leech *et al.* v. Karthaus *et al.*]

Even without the consent of the mortgagor, the Association could have conveyed the legal title to Pleasants. McCracken having made default in the payment of the debt secured by the deed of trust, the absolute legal title vested in the Association, who could convey it to whomsoever it pleased, subject only to the right of the mortgagor, or his assigns, to redeem.—*Downing v. Blair,* 75 Ala. 216; *Welsh v. Philips,* 54 Ala. 309; *High v. Hoffman,* 29 So. Rep. 658.

When a conveyance under the seal of a corporation is executed by persons assuming to act in an official capacity, their authority so to act will be presumed; also that such authority was not exceeded.—*Jinwright v. Nelson,* 105 Ala. 399; *St. Louis Public Schools v. Bisley,* 75 Am. Dec. 131; *Burrill v. Nahant Bank,* 35 Am. Dec. 395; 2 Cook on Stockholders, § 722.

SHARPE, J.—This was a statutory action in the nature of ejectment and was tried without a jury. The defendants pleaded separately not guilty and have here made separate assignments of error. Plaintiffs and the defendant, Sarah Leech, claimed through Joseph McCracken. To prove this claim, the plaintiffs introduced a deed of May 16, 1891, from McCracken to Martin in trust to secure a debt of the grantor to the Southern Building & Loan Association, containing power to the trustee to sell the property for payment of the debt after default therein and notice advertised, and containing also a power to the Association to substitute another as the trustee in case of the death, resignation or removal of Martin; an instrument made March 20, 1897, by the Association reciting that Martin had died and purporting to substitute Cooper to the trust; a deed of March 23, 1897, from the Association and Cooper as trustee to Pleasants; a deed of March 23, 1897, from Pleasants and his wife to Nolen in trust to secure a debt owing by Pleasants to the Southern Building & Loan Association, giving power to the trustee to sell for payment of the debt after default therein and notice advertised; a deed of June 30, 1899, from Pleasants and wife to that Association expressed to be in payment of the debt men-

tioned in the deed in trust to Nolen; a deed of July 5, 1899, from the Association to Epperson; a deed of July 7, 1899, from Epperson and his wife to Ernest Karthaus of whom the plaintiffs are the only heirs. It was proved that McCracken gave his written power for the making of the deed from Cooper and the Association to Pleasants in consideration of his discharge by the Association from the debt secured by the deed he made in trust to Martin.

The defendant, Sarah Leech, introduced in evidence a mortgage of the property to her made by McCracken on August 31, 1893. The other defendants are not shown to have claimed in right of Sarah Leech or through McCracken, or to have made any admission respecting title. Therefore, to show a right to recover against them plaintiffs were under the necessity of proving, that they, the plaintiffs, had held prior possession of the lot in question, or that McCracken or some one else with whom they were in privity had held title or prior possession.—*Hines v. Chancey*, 47 Ala. 637; *Doe v. Clayton*, 73 Ala. 359; *Payne v. Crawford*, 102 Ala. 387; *Florence B. & L. Association v. Schall*, 107 Ala. 531. There was no evidence of the title in McCracken, or that any one preceded the defendants in possession, and this of itself shows there was error in rendering judgment against the defendants other than Sarah Leech.

Upon other considerations the judgment was erroneous as to all the defendants. By the first mentioned trust deed such title as may have been in McCracken was vested in the trustee Martin, and the power of substituting another to the trust depended on the contingency of Martin's death, resignation or removal. There was no evidence of the happening of either of those contingencies other than in the recital of the instrument made by the Building & Loan Association purporting to substitute Cooper, and those recitals were not binding upon or evidence against the defendants, they being strangers to that instrument. As a general rule recitals of a private writing are treated as *res inter alios acta* and are evidence only against the parties thereto and their pri-

33

vies.—*Wood v. Lake,* 62 Ala. 489. We do not say this rule is applicable to recitals made in the execution of a naked power of sale such as were involved in *Naugher v. Sparkes,* 110 Ala. 572.

In the absence of evidence that the first trusteeship became vacant, the presumption is that the legal title to the property continued in Martin notwithstanding the attempted substitution of Cooper and the subsequent attempts to convey title, and with that presumption prevailing plaintiffs were left without proof of title in themselves. Though Sarah Leech held through McCracken and as a junior mortgage had no better right than he to question the title he conveyed to Martin, she had a right to require that title be traced by proof to the plaintiffs as a prerequisite to their recovery. Neither that or any right of hers was prejudiced by McCracken's agreement with Cooper, the Association or Pleastnas made subsequent to the execution of her mortgage. Jones on Mort. § 730; *New England Mort. etc. Co. v. Hirsch,* 96 Ala. 232.

If in fact there was a vacancy in the first trusteeship, and a consequent valid substitute of Cooper thereto, it may be that the deed he executed with the Association to Pleasants carried such title as McCracken may have had. Though defective for lack of advertisement, etc., as an execution of the power of sale given in the trust deed of McCracken, Cooper's deed could yet have been effective to transmit such legal title as he had acquired. *Robinson v. Cahalan,* 91 Ala. 479; *Robinson v. Pierce,* 118 Ala. 273. Had the title thus been traced to Pleasants, the evidence would have still fallen short of tracing it from Nolen who, as trustee in the deed from Pleasants to the Association, succeeded to the former's title. It is true, as has been suggested in briefs, that a trust ceases when its object has been accomplished, and that where the nature of the trust is such that it alone separates its beneficiary from the full ownership of the property, the cessation of the duties and powers created by the trust will by virtue of the statute of uses operate to divest the trustee of title and carry the same to the beneficiary. Authorities on this subject may be found in

*Robinson v. Pierce, supra; Gosson v. Ladd,* 77 Ala. 223;
*Schaffer v. Lavretta,* 57 Ala. 14; *Comby v. McMichael,*
19 Ala. 747; and Perry on Trusts, §§ 312, 320. The
plaintiffs, however, are not helped by this doctrine, for
it has no application to a conveyance in trust to secure
a debt. Of such a conveyance the creditor is the *cestui
que trust,* and the payment of his debt leaves him with-
out interest in the property. Nor is the case influenced
by § 1067 of the Code of 1896, which provides that "Pay-
ment of a mortgage debt, whether the mortgage is of real
or personal property, divests the title passing by the
mortgage." A deed in trust to secure a debt, though
sometimes called a mortgage, is essentially different
from a mortgage as has heretofore been pointed out.
Such a deed is not within the terms of that statute and
cannot be brought within its provisions without specu-
lation as to legislative intention, which, if it were in-
dulged, it would not make clear that the instrument was
not merely to obviate the difficulty of obtaining a recon-
veyance where the positions of the parties are antago-
nistic, as in the case of a debtor and his creditor holding
title to his property—a difficulty not likely to exist when
the title is in a trustee who presumably has no interest
in the debt and consequently no temptation to withhold
a reconveyance in order to coerce the payment of more
than is actually due.

The objections made on the trial to the deeds of the
Association to Pleasants and Epperson, respectively,
were obviated by evidence introduced after the introduc-
tion of the deeds, showing that the persons who acted
for the Association in their execution, were its officers,
having authority under its by-laws to act in that regard.

To the acknowledgment of the deed from Epperson
to Karthaus there is appended the signature, "W. S.
Wells, Jr., N. P." The letters N. P. are judicially
known to be in common use as signifying "Notary Pub-
lic," and, accordingly they are to be given that significa-
tion in this use here made of them.—Cyc. of Law & Pro.,
572, 573. So interpreted the signature gives official
character to the certificate to the extent of showing that
the notary took the acknowledgment in his official ca-

pacity.   This appearing the certificate is not vitiated by
the omission from its body of the words "Notary Pub-
lic" as strict conformance .with the Code form would
have necessitated.   Substantial, but not necessarily
strict conformity to that form, is the requirement of the
law.—*Sharpe v. Orme,* 61 Ala. 263; *McCarver v. Herz-
berg,* 120 Ala. 523; *Frederick v. Wilcox,* 119 Ala. 355; 1
Cyc. Law & Pro. 577.

Reversed and remanded.