TRERISE, RESPONDENT, *v.* BOTTEGO, HODGENS ET AL., DEFENDANTS; HODGENS, APPELLANT.

(No. 2,059.)

(Submitted December 22, 1904.  Decided March 20, 1905.)

*Mortgages—Record—Certificate   of   Acknowledgment—Sufficiency—Civil—Clerical Error.*

1.  Under Civil Code, sections 1640, 1641, providing for the recording of deeds, and making them constructive notice to subsequent purchasers, and section 4667, declaring that every person who has actual notice sufficient to put him on inquiry has constructive notice of the fact itself, if by inquiry he might have learned such fact, a certificate of acknowledgment of a mortgage by husband and wife is not rendered insufficient to charge a subsequent purchaser with notice by reason of the fact that, in the statement that the parties "severally acknowledged —he— executed the same," the blanks before and after the word "he" were not filled so as to make the word "they."

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by Emma Trerise against Mary H. Bottego, Thomas M. Hodgens, and others.  From a judgment for plaintiff and an order overruling his motion for a new trial, defendant Hodgens appeals.  Affirmed.

*Messrs. McBride & McBride,* for Appellant.

Constructive notice from the record, being dependent upon purely statutory provisions, it naturally follows that such effect will not be given to any and every recorded instrument, but only to such as fall within the statute.  If an instrument has not been executed or acknowledged in the manner provided by

law, to entitle it to record, then its record will be a mere nullity and will not operate to give constructive notice. (Ency. of Law, vol. 24, p. 142; Ency. of Law, vol. 1, pp. 489, 490.) Without an acknowledgment, or with one that is defective, the record of the deed is unauthorized, and is not constructive notice. (Jones on Law of Real Property, vol. 2, par. 1442; *Parret* v. *Shaubhut,* 5 Minn. 323, 80 Am. Dec. 424; *Reid* v. *Kleyensteuber et al.* (.Ariz.), 60 Pac. 879; *Main* v. *Alexánder,* 9 Ark. 112, 47 Am. Dec. 732.)

Where the use of the seal is required, an instrument purporting to be a mortgage, but not executed under seal, is not entitled to be recorded, and if it be copied in the records, it does not impart notice to subsequent purchasers or encumbrancers. (Jones on Conveyances, vol. 2, par. 1439; *Recouillat* v. *Sansevain,* 32 Cal. 376; *Arthur* v. *Screven,* 39 S. C. 77, 17 S. E. 640.) If a statute requires the officer taking the acknowledgment to certify the same under his seal, a certificate not under seal is not sufficient to admit the deed to record, and the record of such deed is not notice of it. (Jones on Conveyances, vol. 2, p. 329; *Buell* v. *Irvin,* 24 Mich. 150; *Hayden* v. *Westcott,* 11 Conn. 129; *Hall* v. *Redson,* 10 Mich. 23.) If there is anything whatever in the way of an acknowledgment attached to the mortgage in question, it is clearly and only the acknowledgment of John B. Bottego, a stranger to the title. (*Threadgill* v. *Bickerstaff,* 7 Tex. Civ. App. 406, 26 S. W. 742.)

The defect in the acknowledgment could not be corrected upon the trial of the case at bar by parol testimony, and it would be clearly an evasion of the law, relative to recording, to permit an acknowledgment to be shown by such testimony, after the rights of an innocent purchaser for value have attached. (*Hayden* v. *Westcott,* 11 Conn. 129; Ency. of Ev., vol. 1, p. 196.)

*Mr. J. L. Wines, Mr. O. J. Saville,* and *Mrs. Ella K. Haskell,* for Respondent.

The mortgage, the subject of the action, being recorded, gave constructive notice to the subsequent purchaser, the appellant here. (Civil Code, secs. 1640, 4667; Code of Civil Proc., sec. 3465.) Under the statutes of Montana pertaining to conveyances, no subscribing witnesses are required to a deed when the same is properly acknowledged. A deed may be entitled to record by proof of witnesses without acknowledgment. When by either method it is once recorded, it is good notice to third parties. (*Belk* v. *Meagher et al.*, 3 Mont. 65; approved in *Middle Creek Ditch Co.* v. *Henry*, 15 Mont. 579, 39 Pac. 1054.) One knows what he sees is the copy of an instrument purporting to have been made by the grantor to the grantee. Good faith requires that he shall prosecute further inquiry, and, if he negligently or willfully neglects to do so, he is held to have known all the facts to which that inquiry would have led. (*Woods* v. *Garnett*, 72 Miss. 78, 16 South. 390.) Courts will refer to the body of an instrument to support a defective acknowledgment. (*Frederick* v. *Wilcox*, 119 Ala. 355, 72 Am. St. Rep. 925, 24 South. 582; *Madden* v. *Floyd*, 69 Ala. 221; *Gray* v. *Kauffman*, 82 Tex. 65, 17 S. W. 513; *Chandler* v. *Spear*, 22 Vt. 388; *Phillips* v. *Ruble*, 16 Ky. 221; *Wise* v. *Postlewait*, 3 W. Va. 452; *Northwestern etc. H. Bank* v. *Rauch*, 5 Idaho, 752, 51 Pac. 764, 765; Am. & Eng. Ency. of Law, vol. 1, 546; *Carpenter* v. *Dexter*, 8 Wall. 513; *Nelson* v. *Graff*, 44 Mich. 434, 6 N. W. 872; *Chase* v. *Whiting*, 30 Wis. 544; *Owen* v. *Baker*, 101 Mo. 407, 20 Am. St. Rep. 618, 14 S. W. 175; *Gregory* v. *Kenyon*, 34 Neb. 640, 52 N. W. 685; Brewster on Conveyancing, sec. 267.) Where words have been omitted by an evident clerical error, they may be supplied by intendment after an inspection of the certificate in connection with the deed. (*Basshor* v. *Stewart*, 54 Md. 376; Brewster on Conveyancing, sec. 267; *Magness* v. *Arnold*, 31 Ark. 103; *Sanford* v. *Bulkley*, 30 Conn. 344; *Milner* v. *Nelson*, 86 Iowa, 452, 41 Am. St. Rep. 506, 53 N. W. 405; *Picket* v. *Doe*, 5 Smedes & M. 470, 43 Am. Dec. 523; *Wilcoxson* v. *Osborn*, 77 Mo. 621; *Livingston* v. *Kettelle*, 6 Ill. 116; *Donahue* v.

*Mills,* 41 Ark. 421; *Belcher* v. *Weaver,* 46 Tex. 293, 26 Am. Rep. 267; *Schley* v. *Car Co.,* 120 U.S. 575,7 Sup. Ct. Rep. 730.) Where one word is inserted for another through clerical error, the certificate is sufficient. (*Broussard* v. *Dull,* 3 Tex. Civ. App. 59, 21 S. W. 937; *Calumet & Chicago etc. Co.* v. *Russell,* 68 Ill. 426; *Gorman* v. *Staunton,* 5 Mo. App. 585; *Durst* v. *Daugherty,* 81 Tex. 650, 17 S. W. 388.)

MR. COMMISSIONER BLAKE prepared the opinion for the court:

This is an appeal by Thomas M. Hodgens from a judgment and order overruling his motion for a new trial. There is no controversy about the facts, and only one question is presented for decision.

Mary H. Bottego owned real property in the county of Silver Bow, and made a mortgage thereon, January 24, 1898, to J. H. Trerise, to secure the payment of a promissory note and interest. Her husband, John B. Bottego, signed the note and mortgage. The mortgage is in the usual form, and the acknowledgment is as follows:

"State of Montana, ⎱ ss.
"County of Silver Bow. ⎰

"On this Twenty-fifth day of January, 1898, before me I. C. Bachelor, a Notary Public in and for the County of Silver Bow, State of Montana, personally appeared Mary H. Bottego and John B. Bottego (Her Husband) known to me to be the persons described in, and who executed the foregoing instrument, and who severally acknowledged to me that —he— executed the same. In Testimony Whereof, I have hereunto subscribed my hand and affixed my Notarial Seal on the day and year in this certificate above written.

[Seal]                              "I. C. BACHELOR,
"Notary Public in and for Silver Bow County, Montana."

The above word "he" is printed in the blank that was used by the officer taking the acknowledgment, and there is a suffi-

cient space for letters to be written before and after it. The mortgage was filed for record January 26, 1898, in the office of the county recorder of said county, and Trerise assigned the note and mortgage February 1, 1900, to the plaintiff. The property was transferred May 15, 1900, to defendants John J. Ferrell and Fred M. Ferrell, who conveyed the same April 15, 1901, to Hodgens, and his deed was recorded April 24, 1901. This action was commenced April 28, 1902, to foreclose the mortgage, and Hodgens answered for himself alone. The other defendants made no defense. A decree was made and entered for the foreclosure of the mortgage according to its terms, and Hodgens appealed.

It is the contention of the appellant that the certificate of the acknowledgment does not comply with the statute, and is a nullity; that the county recorder had no authority to record the mortgage; and that the property was purchased without notice of the encumbrance.

The law applicable to constructive notice is defined in the following provisions of the Codes: "Every conveyance of real property, acknowledged or proved, and certified and recorded as prescribed by law, from the time it is filed with the county clerk for record, is constructive notice of the contents thereof to subsequent purchasers and mortgagees." (Section 1640, Civil Code.) "Every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or encumbrancer, including an assignee of a mortgage, lease, or other conditional estate, of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded." (Section 1641, Civil Code.) One section appears in two Codes: "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself, in all cases in which, by prosecuting such inquiry, he might have learned such facts." (Section 4667, Civil Code, and section 3465, Code of Civil Procedure.) This section embodies an

old rule of chancery.    Another section has been incorporated in two Codes: "Notice is: 1. Actual—which consists in express information of a fact; 2. Constructive—which is imputed by law."    (Section 4666, Civil Code, and section 3464, Code of Civil Procedure.)    These provisions with respect to notice must be construed together.

Did the omission in the certificate of the acknowledgment render the instrument void as to appellant?    This subject is discussed in *McCardia* v. *Billings,* 10 N. D. 373, 87 N. W. 1008, 88 Am. St. Rep. 729.    A mortgage was given upon land by Mrs. McCardia and her husband, and the acknowledgment is as follows:

"Territory of Dakota, ⎫
"County of Pembina.   ⎬ ss.

"On this 10th day of October, in the year one thousand eight hundred and eighty-four, before me, John V. McIntire, a notary public in and for said county and territory, personally appeared William McCardia and Margaret McCardia, known to me to be the person who are described in and who executed the within and foregoing instrument, and acknowledged to me that he executed the same.

   [Notarial Seal]              "JOHN V. McINTIRE,
                 "Notary Public, Dakota Territory."

On the trial the introduction of the mortgage in evidence was objected to on the ground that the acknowledgment did not comply with the statute, and that the instrument was not entitled to be recorded.    The court said: "It must be conceded that, if the acknowledgment of the mortgage was so defective that it would not have entitled the mortgage to be recorded in the office of the register of deeds, then the certificate of the acknowledgment alone would not be any evidence of the execution of the mortgage.    *    *    *    It is also true that the certificate of acknowledgment must contain a substantial compliance with the statute pertaining to acknowledgments; that is, that the certificate must contain a statement of every fact that

the statute prescribes shall be incorporated therein.    *    *    *
It is also true, as a matter of law, that obvious errors or omissions, clearly appearing upon the face of the certificate to be clerical in their nature, will not invalidate the acknowledgment, and, before the certificate will be held fatally deficient, there must be an absence of some essential fact of a substantial character.    *    *    *    Courts, however, will construe the language of certificates of acknowledgment liberally, and hold them valid if that can be done by a fair and reasonable construction of the language used.    Turning now to the acknowledgment of the mortgage in question, we find that it unequivocally appears that William McCardia and Margaret McCardia personally appeared before the notary.    The words immediately following their names in the certificate, to wit, 'known to me to be the person,' considered in connection with the words 'who are described in,' show beyond question that the word 'person' refers to William McCardia and Margaret McCardia.    If it does not refer to these two grantors, then the verb 'are' obviously would not have been used.    The omission of the letter 's' from the word 'person' was obviously a clerical omission.    The pronoun 'he' refers to the word 'person' preceding it in the same sentence.    It would render the whole sentence useless and meaningless, so far as Margaret McCardia is concerned, to place upon it the construction that she appeared before the notary, and acknowledged that her husband acknowledged the execution of the mortgage.    Either that construction must be placed upon it, or we must hold that the word 'he' was not changed to 'they' through a clerical oversight."    The court cites *Montgomery* v. *Hornberger,* 16 Tex. Civ. App. 28, 40 S. W. 628, in which it is decided that a certificate of joint acknowledgment by a married woman and her husband is not vitiated by stating that "he," instead of "they," executed the deed.

In *Carpenter* v. *Dexter,* 8 Wall. 513, 19 L. Ed. 426, involving the effect of a certificate of acknowledgment of a deed, Mr.

Justice Field, for the court, said: "In aid of the certificate, reference may be had to the instrument itself, or to any part of it. It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections."

We are therefore of the opinion that the mortgage was acknowledged substantially in accordance with the provisions of the statutes, *supra,* and that the record thereof imparted constructive notice of its contents to Hodgens.

We recommend that the judgment and order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.

*Affirmed.*

Rehearing denied May 3, 1905.