(129 So. 88)

### COPELAND v. DABBS.

6 Div. 574.

Supreme Court of Alabama.

April 17, 1930.

Rehearing Denied June 26, 1930.

Benton, Bentley & Moore, of Bessemer, for appellee.

## SAYRE, J.

Briefly stated, appellee's case was that he had performed services for appellant looking to the purchase by the latter of a 37-acre tract of land. Appellee and nine others had inherited the land from his father. One of the owners lived in each of the states of Louisiana, Texas, and Arkansas. It was thought to be necessary that the co-owners in the states mentioned as well as the rest of them in Jefferson county be interviewed in person in order to get their joinder in a conveyance to appellant. Appellee's testimony was that appellant had agreed to pay him $200 when he got the signatures of all the heirs. Appellant's contention was that he had agreed to pay appellee after he had paid the purchase money and received a conveyance, that he had never paid for the land nor received a conveyance, and therefore owed appellee nothing.

It is urged on behalf of appellant that appellee violated the criminal law, section 6248 of the Code, in performing the services in and about preparing and procuring signatures to the conveyance which appellant refused to accept and pay for. Whatever may be said of the utility or constitutional validity of this section of the Code, it could not be effectual to prohibit appellee's activity in the matter of the services here in question, for the very good reason that he was one of the owners of the property and was attending to his own interest in what he did as well as the interest of his co-owners. He cannot be denied the right to attend to his own affairs out of court, or in court for that matter (Constitution, § 10), or required to procure a license to practice law in order so to do by reason that others were interested in the same affairs. We have spoken of section 6248 of the Code. We had in view the section as printed in Michie's Code, which includes the Act of September 7, 1927 (page 669), where will be found the provision here in question.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

█ Appellee was permitted to put into evidence a paper writing which, if properly executed and delivered, would operate as a conveyance to appellant and his brother—the brother was jointly interested with appellant in the negotiation for the purchase—of the land out of the attempted sale of which this suit arose. The certificates of the Louisiana and Arkansas notaries were substantially (Moore v. Bragg, 212 Ala. 483, 103 So. 452) in the form prescribed by section 6845 of the Code. The Louisiana certificate witnessed the fact that the notary taking the acknowledgment set his hand and seal thereto. The Arkansas notary's certificate, certifying the acknowledgment of one of the heirs interested in the land, was witnessed in this language: "I hereunto set my hand." In both cases the introductory recital of the certificate was that the person taking the acknowledgment was a notary public. The form set out in section 6845 of the Code does not prescribe any recital as to a seal. In Powers v. Bryant, 7 Port. 17, the court said: "The act of eighteen hundred and three, does not require the certificate of a judicial officer of the acknowledgment or proof of deeds to be made under seal, so that these acts would be quite as valid, without that appendage. The act of eighteen hundred and eighteen, which confers the authority given by the previous enactments, on the clerks of the courts, only requires that they shall execute it, in the like manner and form as theretofore required. Now as seals were not therefore essential to the validity of a certificate, it would seem necessarily to follow, that the objection founded upon the want of a seal, was not well taken."

Section 6842 of the Code provides that acknowledgments may be taken within the United States and beyond the state of Alabama by notaries public, and the substantial form of acknowledgment to be used in this state, as we have already noted, contains no requirement of a seal. Further we quote from the editorial note under Trerise v. Bottego, 108 Am. St. Rep. 553 (32 Mont. 244, 79 P. 1057): "The certificate need not be under seal unless the statute authorizing the official to take it expressly requires it: Thompson v. Morgan, 6 Minn. 292 [Gil. 199]. Sometimes the statute does not require judicial officers to use a seal; if so, none is required to be attached to a certificate of acknowledgment" —citing Powers v. Bryant, supra. And from the note under Livingston v. Kettelle, 41 Am. Dec. 174 (1 Gilman, 116): "In many cases, however, it has been held that a seal is not essential to the validity of a certificate of acknowledgment, even by a notary or commissioner of deeds, unless required by an express statute"—citing our cases of Powers v. Bryant, supra, Harrison v. Simons, infra, and cases from Illinois, Kentucky, Massachusetts, Minnesota, Ohio and Pennsylvania.

In view of the form of certificate of acknowledgment permitted by the statute, section 6845, there does not appear to be any particular difficulty in holding that the Arkansas certificate, along with the others to which we have referred, made at least a prima facie case in favor of the valid execution of the deed procured by the efforts of appellee, and the deed, or proposed deed, was properly admitted in evidence as going to show performance by appellee of his contract as he described it in his testimony. Leech v. Karthaus, 141 Ala. 509, 37 So. 696; Harrison v. Simons, 55 Ala. 516; Manufacturers' Finance Co. v. Amazon Mills, 182 N. C. 408, 109 S. E. 67, 29 A. L. R. 916, note. In this connection we note that the statute, section 6839 of the Code, has, since 1852 at least, provided that a seal is not necessary to convey the legal title to land, and that section 6843, new to the Code of 1923, relates to the matter of the proof of recorded instruments.

█ And, whatever may be thought of the stated conclusion—and as to it there is a difference of opinion—the certificate of the purported notary will at least be accepted as the signature of a witness to the execution of the proposed deed, constituting, prima facie at least, compliance with appellee's contract (Hambaugh v. McGraw, 212 Ala. 552, 103 So. 646); that is to say, if it be necessary to hold that the acknowledgment before the alleged Arkansas notary was fatally defective as an acknowledgment, still it must be allowed to operate as an attestation within the purview of section 6838 of the Code (Torrey v. Forbes, 94 Ala. 142, 10 So. 320, and authorities there cited). With this conclusion Chandler v. Hanna, 73 Ala. 393, and Ala. Nat. Bank v. Chattanooga Co., 106 Ala. 665, 18 So. 74, cannot, on any reasonable grounds, be held to be in conflict.

█ Charges numbered 6, 9, 11, 12, and 13 were refused to appellant without error. The contract between the parties in the first place provided, as appellee testified, that he was to procure the concurrence of the heirs of Jesse Dabbs in the sale of an option to take the land at $10,000. That, however, was a verbal agreement between the parties to this cause. The option, reduced to writing, but not signed by the heirs, owners of the property, did not evidence the entire contract between the parties, but it was admissible as going to show what appellee was in the beginning employed to do, viz. to get the signatures of the owners of the property, and was admissible for that purpose. And it was admissible notwithstanding it was superseded by an agreement by which appellee was to procure the signatures of the owners to a conveyance of the same property at an increased price, viz. $11,100, as tending to show a relation of contract between the parties and as a part of the ne-

gotiation leading up to the contract in its final form, and harmless in any event for the reason that appellant did not deny that he had procured appellee to get signatures to the two papers, but only that he had agreed to pay appellee for his services if he (appellant) in the end concluded to accept the conveyance which appellee would get the other heirs to execute. The charges which we have numbered in the outset of this paragraph were misleading, to say the least, in that they would have given the jury to understand that appellee could not recover if the parties, before the service was rendered, changed the terms on which appellee was to be compensated notwithstanding the service was rendered in accordance with the terms of the amended contract. That was obviously an unsound proposition of law. And of charges 11 and 12 it may be said that they referred the legal materiality of certain facts, duties, and obligations to jury determination without a definition of such materiality· by the court. Moreover, all of them might have been refused because of the use of the phrase "if you believe," though that alone would not have worked a reversal had they been given. See authorities cited to Conway v. Robinson, 216 Ala. 499, 113 So. 531.

Appellee's Exhibit C was admitted without reversible error as being a part of the negotiation between the parties which, according to appellee, resulted in the contract, tending to show the purpose the parties had in mind, and harmless in any event.

Reversible error cannot be predicated of the refusal of the written charges set out in assignments of error 11, 14, and 15. The charges in themselves were confusing and needed explanation, but, if they be construed as meaning only that appellant had a reasonable time in which to consider the abstract of title and that it was for the jury to say what was a reasonable time, as perhaps was their reasonable construction, then appellant had advantage of their proposition of law in better form in charge 16, given at his request, and in the court's oral charge. So of charge 18 (assignment of error 12) refused to appellant.

As to the thirty-first assignment of error: The question asked by appellee of the witness Ed Dabbs, a brother of appellee and one of the owners of the property, if we understand it, had a tendency, however inconclusive, to show an admission on the part of appellant that he had bargained with appellee for a deed, that is, services rendered in the procurement of a deed to appellant, as appellee contended, rather than for services in the procurement of a deed, such services to be paid for in the event only appellant afterwards elected to buy the property, as appellant contended.

We find no sufficient reason for a judgment of error in the trial court's denial of appellant's motion for a new trial. The matter which had come to the memory of appellant's attorney subsequent to the trial was not of sufficient moment to justify the granting of the motion as for newly discovered evidence.

Affirmed.

THOMAS, J., concurs in the whole opinion. All the other justices concur in the conclusion, except BROWN, J., who dissents. As to the deed, they concur on the ground that the instrument put in evidence showed a valid deed, provable, though not self-proving, and so a compliance with appellee's contract.

BROWN, J. (dissenting).

I am in agreement with the opinion of Mr. Justice SAYRE in all respects except in so far as it holds that the deeds executed in a foreign state and purporting to be acknowledged by a notary public, the acknowledgment and official authority of the notary not being authenticated by the notary's official seal, were admissible in evidence, over the objection of the defendant, and were prima facie evidence of compliance by the plaintiff with his contract to procure deeds efficacious to convey title to the grantee named, without proof of their execution.

The decisions here are uniform in holding that, while the courts of this state take judicial notice that notaries public appointed and commissioned by the Governor of this state are such, and have authority to take and certify acknowledgments, but where the acknowledgment is taken by a notary public of a foreign state, the certificate of the notary must be authenticated by the official seal, or otherwise, before the deed can be used as evidence for any purpose, in the absence of other evidence showing the execution of the deed. Goree v. Wadsworth, 91 Ala. 416, 8 So. 712; Alabama National Bank v. Chattanooga Door & Sash Company, 106 Ala. 663, 18 So. 74; Ex parte State ex rel. Smith, Attorney General, 203 Ala. 444, 83 So. 334.

On this point, therefore, I respectfully dissent.